# Prior *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Conviction of larceny, as affecting competency or credibility of witness.*—Under statutory provisions (Code, § 2766), a conviction of larceny does not destroy the competency of a witness, but is admissible as evidence affecting his credibility.

2. *Charge invading province of jury, as to sufficiency of impeaching evidence.*—A charge instructing the jury, in a criminal case, that the testimony of an impeached witness, to the effect that they would not believe another witness on oath, "is sufficient to generate a reasonable doubt of the defendant's guilt, when a conviction is dependent on the testimony of that witness, and there is no evidence in support of his testimony," invades the province of the jury, and is properly refused.

FROM the Criminal Court of Pike.

Tried before the Hon. WM. H. PARKS.

In this case, the defendant was indicted for carrying a pistol concealed about his person. On the trial, one Dickinson, a witness for the prosecution, testified that, on a day named, he was present at a camp-meeting with the defendant and others, and saw a pistol fall out of the defendant's hip-pocket, that he picked it up, and handed it to the defendant, who then put it in his pocket, where it was out of sight; that the pistol fell out a second time, was picked up by another person, handed to the defendant, and again put in his pocket. Another witness for the prosecution testified that the defendant, when arrested, said that he had a pistol at the time mentioned, but that Dickinson did not see it. The defendant, testifying for himself, denied that he had a pistol at the camp-meeting, and denied that he made the statement attributed to him ; and he introduced two witnesses who testified, that they knew the general character of said Dickinson, and that they would not believe him on oath. On this evidence, the defendant asked a charge in these words, and excepted to its refusal: "The evidence of

[Tenn. Mutual Building and Loan Association v. The State.]

witnesses whose testimony stands unimpeached, that another witness in the case is a person of bad character, and that they would not believe him on oath in a court of justice, is sufficient to generate a reasonable doubt of the defendant's guilt, when a conviction is dependent on the testimony of that witness, and there is no evidence in support of his testimony." Other exceptions were reserved as shown by the opinion.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—Defendant, being on trial for the offense of carrying concealed weapons, testified as a witness in his own behalf. The State introduced in evidence the record of his prior conviction, and sentence thereon, of the offense of petit larceny, for the purpose solely of affecting his credibility as a witness. It was so expressly limited by the court. There was a general objection by the defendant to its introduction, which was overruled, and defendant excepted. The ruling of the court was proper, under the influence of section 2766 of the Code of 1886.

The charge requested by the defendant is bad for several reasons. It invades the province of the jury. It was for the jury to determine the weight and value of the impeaching testimony, and whether impeachment of the witness Dickinson was made out or not; and if made out, it was for them to say whether it was sufficient to generate a reasonable doubt of the defendant's guilt or not. The charge is also abstract, in that it states a 'case in which the testimony of the witness supposed to be impeached is not supported by any other evidence. In this case, there was evidence in support of Dickinson,

There is no error in the record, and the judgment is affirmed.