# Worthy *v.* The State.

## Carrying Concealed Weapon.

(Decided July 2, 1907.  44 South. 535.)

*Trial; Instructions Assuming Facts.*—Where the testimony for
the defendant tended to show that the general character of the wit-
nesses for the state was bad, and that they were not worthy of
belief, on oath, a charge asserting that they had been impeached,
and that the jury might look to the fact, in connection with all the

4 R

[Worthy v. The State.]

other evidence in the case, in determining what weight they would give to their evidence, was bad for assuming a fact, and invasive of the province of the jury.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

John T. Worthy was convicted of carrying concealed weapons, and he appeals. Affirmed.

CANTEBERRY & GILDER, for appellant.—Under the testimony in this case the state's witnesses were impeached in the eye of the law.—1 Greenleaf on Evidence, Sec. 461-2; 2 Brickell Dig. p. 548. This being true, the court erred in refusing the charge requested.—*Arnold v. The State,* 29 Ala. 46; *Weaver v. The State,* 42 Ala. 230; *Perkins v. The State,* 50 Ala. 158.

ALEXANDER M. GARBER, Attorney General, for State.— No brief reached the Reporter.

HARALSON, J.—The defendant relies upon only one alleged error in this record—that of the refusal of the court to give charge 1 requested by defendant.

The state had introduced three witnesses whose testimony tended to establish the guilt of the accused.

The defendant introduced several witnesses, who testified that they knew the general character of the state's witnesses; that the same was bad, and they would not believe them on oath.

The charge requested was, "that each of the state's witnesses (naming them) has been impeached, and you may look to this fact, in connection with all the other evidence, in determining what credence you will give the testimony of such impeached witnesses."

The charge assumed, that the state's witnesses had been impeached, whereas, whether they had been or not, was a question for the determination of the jury. If

the charge had hypothesized, that the evidence for the defendant tended to impeach the witnesses, or if the jury believed from this evidence that said witnesses were impeached and unworthy of credit, a different proposition would have been presented. But the charge, as requested, withdrew from the jury the consideration and determination of the question of the impeachment of the witnesses and asserted it as a fact by the court. There was no error in refusing the charge.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.