(85 South. 819)

## LUNDY v. STATE.    (4 Div. 640.)

(Court of Appeals of Alabama.    May 12, 1920.
Rehearing Denied June 1, 1920.)

1. CRIMINAL LAW ⬩475—EXPERT'S TESTIMONY, IDENTIFYING SHOES OF DECEASED, ADMISSIBLE.

In a murder trial, it appearing that a doctor, who had qualified as an expert, had examined the deceased's body, clothing, shoes, etc., it was not error to permit the doctor to testify that the shoes exhibited to him by the solicitor at the trial "looked like the shoes" which were on the feet of deceased at the time of his examination of the body, and that in his judgment they were the same shoes; the evidence being material to assist in the identification of deceased.

2. CRIMINAL LAW ⬩476—EXPERT'S OPINION ADMISSIBLE THAT GUNSHOT WOUND KILLED DECEASED.

In a murder trial, a doctor, having qualified as an expert, and having described in detail the wounds found upon deceased, was properly allowed to testify that in his judgment a gunshot wound caused deceased's death.

3. HOMICIDE ⬩174(6) — EVIDENCE AS TO SHOTGUN FOUND IN ACCUSED'S HOME ADMISSIBLE.

In a murder trial, testimony of a witness that he arrested accused at his home the day after deceased's body was found, that he then found in accused's home a shotgun, which was loaded, that the shell therein contained buckshot which were exactly like the buckshot found on the body of deceased, and that the gun had recently been fired, was admissible.

4. CRIMINAL LAW ⬩695(2)—EVIDENCE NOT PATENTLY ILLEGAL OR IRRELEVANT NOT TO BE EXCLUDED ON GENERAL OBJECTIONS.

Where objections interposed to questions were general, and specified no objections upon which they were based, and the testimony thus sought to be elicited was not patently illegal or irrelevant, the court was authorized to overrule the objections.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Charlie Lundy was convicted of murder, and he appeals. Affirmed.

Certiorari denied. 204 Ala. 492, 85 South. 821.

E. O. Baldwin, of Andalusia, for appellant.

While a physician may testify as an expert, this has no application to articles of clothing, and Dr. Young's testimony as to the shoes were but conclusions or opinions. 7 South. 149; 97 Ala. 37, 12 South. 164, 37 Am. St. Rep. 145; 118 Ala. 79, 23 South. 777; 136 Ala. 475, 34 South. 970. This was also true with reference to the evidence as to the buckshot. Authorities supra. What was the customary hitching place was immaterial. 87 Ala. 65, 6 South. 378; 107 Ala. 15, 18 South. 229; 92 Ala. 20, 9 South. 616. This might also lead the jury to believe that the defendant was trying to hide out. 6 South. 378; 107 Ala. 13, 18 South. 229. The court erred in admitting the photograph of the deceased. 69 Ala. 233; 102 Ala. 156, 15 South. 438.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The witness was competent to give his opinion of the gunshot wounds causing death. 16 Ala. App. 542, 79 South. 678; 203 Ala. 173, 82 South. 423. The evidence as to the appearance of the gun was material,

---

and not subject to a general objection. 202 Ala. 65, 79 South. 459; 129 Ala. 48, 29 South. 981; 87 Ala. 30, 6 South. 425. The evidence as to the customary place for hitching was competent. 181 Ala. 63, 61 South. 434. The photograph was properly admitted. 202 Ala. 37, 79 South. 375. The gunshot shell was properly admitted. 202 Ala. 24. 79 South. 362; 137 Ala. 12, 34 South. 681. On these authorities there was no error in the admission of other evidence.

BRICKEN, P. J. The appellant, together with his father and his four brothers, was jointly indicted and jointly tried for the offense of murder in the first degree. There was a verdict of not guilty in favor of all the defendants, except appellant, Charlie Lundy. He was convicted by the jury of murder in the second degree, and his punishment was fixed at 10 years' imprisonment in the penitentiary.

On this appeal it appears that the only questions insisted upon as error are the rulings of the court upon the evidence. Two special written charges were also refused by the court, but as these charges related solely to Pete Lundy and Joe Lundy, both of whom were acquitted by the verdict of the jury, the court's ruling in this connection need not be considered. The same is true with reference to several rulings of the court upon evidence which related solely to others of the defendants who were acquitted by the verdict of the jury, and while there was no effort upon the part of any of the defendants to confine the evidence to such of them only to whom it had reference, where it clearly appears that the rulings complained of related in no way or manner to appellant, or did not or could not affect his substantial rights, it is not deemed necessary to consider these questions upon this appeal.

It appears from the evidence that the deceased, one John Mitchell, a brother-in-law of defendant, was last seen alive on Sunday night, August 3, 1919, and at that time he was seen leaving Florala in company only with the defendant, Charlie Lundy, and deceased stated that he was going to the home of defendant to spend the night. The murdered body of deceased was not found until the afternoon of the following Friday, and it was then discovered by some passers-by, who were attracted to the body by buzzards. The body was badly decomposed when found, and was also mutilated by the feasting of the buzzards thereon. It was the theory of the state that Mitchell had met his death on Sunday night, and that it was caused by his having been shot with a gun loaded with buckshot. The evidence is without conflict that the deceased and his wife, the sister of defendant, had separated and were not living together at the time of the homicide.

[1, 2] Dr. Ferrin Young, who had qualified as an expert, went, with several others, to the body of deceased, and made an examination of the body, clothing, hat, shoes, etc. The first ruling of the court complained of was in permitting this witness to testify that the shoes exhibited to him by the solicitor at the time of the trial "looked like the shoes" which were on the feet of deceased at the time this witness went to the body, and that in his judgment they were the same shoes. That this evidence was material for the purpose of assisting in the identification of deceased admits of no discussion, and the court committed no error in this ruling. Nor was there error in allowing this witness to testify that in his judgment the gunshot wound caused the death of deceased. This witness had previously qualified as an expert and had described in detail the wounds found upon deceased. He had stated:

"We found a hole through the top shirt and undershirt, the eighth rib was shot in two, and it was, shot in two where it joined the breast bone on the right side, and one shot went across the left edge of the breast bone, about on a level of the eighth rib, and one shot was up the breast bone about an inch or three quarters above the main lead—the main hole. We also found six buckshot in the shirt; they were flattened evidently against the bone. The ribs were all intact, except the eighth rib, and it was shot in two at the junction of the breast bone. The place was about 1½ inches over that place other shot was burned. You could tell it had been shot and burned from powder, and in his judgment the body had been lying in that condition for four, five, or six days," etc.

Under the well-recognized rules of evidence this witness was properly allowed to state his opinion on this material question as to the cause of the death of Mitchell. Null v. State, 16 Ala. App. 542, 79 South. 678; Carden v. State, 203 Ala. 173, 82 South. 423.

[3, 4] Witness N. B. Smith testified that he arrested defendant at his home on Saturday, the day after the body of Mitchell was found; that at the time of the arrest he found in the home of the defendant a breech-loading single-barrel shotgun, and that the gun was then loaded; that he took therefrom the shell, and that the shell contained buckshot which were exactly like the buckshot found in the shirt of deceased; that the gun had recently been fired. The objections interposed to the questions propounded to this witness were general, and specified no grounds upon which they were based. The testimony thus sought to be elicited not being patently illegal or irrelevant for that reason, the court was authorized to overrule the objections. Furthermore no motion was made to exclude the answers of the witness which were responsive to the questions. But, aside from this, the testimony was clearly admissible, and the court's ruling is wholly free from error.

The error, if any, in admitting the intro-duction of the photograph of deceased would not be sufficient to effect a reversal, for by no sort of reasoning does it appear that this ruling of the court injuriously affected the substantial rights of the defendant.

Other rulings of the court to which exceptions were reserved have been carefully examined. They are in our opinion free from error, and as the record is also free from error, it follows that the judgment of the circuit court must be affirmed.

Affirmed.