(93 South. 226)

### MARASSO v. STATE.   (3 Div. 403.)

(Court of Appeals of Alabama. April 18, 1922. Rehearing Denied May 9, 1922.)

I. Criminal law ⬳757(5)—Charge that state's witness had no interest in conviction held invasion of jury's province.

A charge that the state's principal witness "had absolutely no interest in the conviction of

the defendant" was an invasion of the jury's province, and also violated Code 1907, § 5362, as being a charge on the effect of testimony.

**2. Criminal law ☞757(6)—Improper to charge that witness has or has not been impeached.**

It is improper to charge affirmatively that a witness has or has not been impeached, as this would invade the jury's province.

**3. Criminal law ☞1053—Rulings not excepted to not reviewable on motion for new trial.**

A motion for new trial is not the method to review rulings of the trial court during the progress of the trial, not excepted to; exceptions duly made on the trial being required to secure the benefit of such rulings.

**4. Witnesses ☞343—Evidence of witness' bad character properly excluded, where impeaching witness not shown to be acquainted with such character at place of residence.**

It was proper to exclude testimony as to bad character of B., a witness for the state, where the inquiry was limited to the character of B. where he resided, and it affirmatively appeared that the only knowledge defendant's witness G. had as to the place of residence and character of B. was based on his four or five days' acquaintance with him while he was temporarily a guest at a hotel at F.

**5. Witnesses ☞343—Bad reputation may be gained in shorter time than good reputation.**

As respects impeachment by evidence of bad reputation, one may establish a bad reputation in a community in a short period of time, by reprehensible conduct, and the time necessary to do so need not extend to the limit of time necessary for the establishing of a good character in a community.

**6. Witnesses ☞343—General rule as to impeaching by showing bad character stated; "community;" "neighborhood."**

Generally, to impeach by proof of bad character, the predicate necessary is a knowledge of the witness' character in the community or neighborhood in which he resides, although the term "community" or "neighborhood" is not susceptible of exact geographical definition, but means, generally, where the person is well known and has established a reputation, and the inquiry is not necessarily confined to the domicile or residence of the witness, but may extend to any community or society in which he has a well-known or established reputation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Community; Neighborhood.]

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Albert Marasso was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Stone & Stone, of Bay Minnette, and Hamilton, Page & Caffey, of Brewton, for appellant.

The court erred in denying the jury the right to pass upon whether or not the witness Boswell had been impeached. 40 Ala. 204; 16 Ala. App. 68, 75 South. 274; 159 Ala. 491, 49 South. 92; 3 Ala. App. 40, 58 South. 60; 33 Ala. 380, 73 Am. Dec. 422. The charge of the court was clearly upon the effect of the evidence, and therefore erroneous. 159 Ala. 14, 48 South. 858; 68 Ala. 424; 134 Ala. 90, 32 South. 750; 140 Ala. 137, 37 South. 223; 15 Ala. App. 331, 73 South. 225; 15 Ala. App. 591, 74 South. 724; 14 Ala. App. 652, 72 South. 299.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The exceptions to the oral charge of the court were not sufficient to present it for review. 16 Ala. App. 119, 75 South. 711; 201 Ala. 55, 77 South. 349. The court was not in error in its rulings on the evidence. 159 Ala. 491, 49 South. 92; 12 Michie, Dig. 1263.

BRICKEN, P. J. [1, 2] The court was in error in charging the jury as a matter of law that the state "witness Boswell (upon whom the state relied principally for a conviction) had absolutely no interest in the conviction of the defendant." In thus charging the jury there was an invasion of its province, as it was their duty to determine this important question from the testimony, from the demeanor of the witness upon the stand, upon his manner of testifying, and from the facts and circumstances attending the trial. It is true the court undertook to qualify this statement, when exception was reserved thereto; but this attempt was abortive, and the tendency of such attempted qualification was to the effect that all of the witnesses examined upon this trial had absolutely no interest in the conviction of the defendant. The portion of the oral charge excepted to is clearly a charge upon the effect of the testimony, and therefore violative of section 5362, Code 1907, which expressly provides that the court shall not charge upon the effect of the testimony, unless required to do so by one of the parties. The bias or prejudice of witnesses are circumstances to be considered by the jury in connection with other circumstances, such as their intelligence, their manner of testifying, and their conduct on the witness stand. Underhill on Crim. Ev. (2d Ed.) 248. Nor can the court charge affirmatively that a witness has been impeached, or has not been impeached. This, also, would be an invasion of the province of the jury. Rambo v. State, 134 Ala. 71, 32 South. 650; Prior v. State, 99 Ala. 196, 13 South. 681.

[3] There appear several other infirmities in the court's oral charge, but as no exceptions were reserved thereto these questions cannot be reviewed. Montgomery v. State, 204 Ala. 389, 85 South. 785. Counsel for defendant undertook to raise these questions on his motion for a new trial, but this is not

permissible. A motion for new trial is not the method to review rulings of the trial court during the progress of the trial, but not excepted to; exceptions duly made on the trial being required to secure the benefit of such rulings. The action of the court in overruling defendant's motion for a new trial is not presented in a manner authorizing a review of the ruling of the court on this question. Acts 1915, p. 722; Crawley v. State, 16 Ala. App. 545, 79 South. 804, and cases cited.

[4, 5] The defendant undertook to prove the bad character of state witness Boswell. The court's ruling in excluding this testimony was without error, in view of the fact that the inquiry was limited to the character of the witness to where he resided, his place of residence; and it affirmatively appeared that the only knowledge defendant's witness Garrett had as to the place of residence and the character of Boswell was based upon his four or five days' acquaintance with him while he was temporarily a guest at a hotel in Flomaton, thus showing conclusively that Boswell did not reside in Flomaton, and showing further that the witness Garrett had no knowledge of Boswell's character where he resided. If the inquiry had been extended as to the character of Boswell to any community or society or neighborhood in which he was known or has a well-known or established reputation the motion to exclude should have been overruled, and while the testimony of the impeaching witness may have appeared weak and inconclusive and therefore of slight probative force, yet it was for the jury to determine what weight should be given to it. We take it that a man may establish a bad reputation in a community in the course of a very short period of time, by reprehensible and lawless and general bad conduct. Certainly such a result would be more easy of accomplishment by these methods, and the time necessary to do so need not extend to the limit of time necessary for the establishing a good character in any community. For in order to do this one must live an honorable, upright life, and by association with his fellow men gain their confidence and esteem. Holmes v. State, 88 Ala. 26, 7 South. 193, 16 Am. St. Rep. 17.

[6] The general rule is that, in order to impeach a witness by proof of bad character, the predicate necessary is a knowledge of his character in the community or neighborhood in which he resides; however, the term "community" or "neighborhood" is not susceptible of exact geographical definition, but means in a general way where the person is well known and has established a reputation. The inquiry is not necessarily confined to the domicile or residence of the witness, but may extend to any community or society in which he has a well-known or established reputation. McQueen v. State, 108 Ala. 54, 18 South. 843.

Other rulings of the court need no discussion; they appear to be free from error. For the error pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.