(100 South. 307)

### BUSH v. STATE.   (4 Div. 790.)

(Court of Appeals of Alabama. April 3, 1923. Rehearing Granted July 10, 1923. Rehearing Denied Nov. 13, 1923. Reversed after Mandate April 8, 1924. Rehearing Denied April 22, 1924.)

1. **Criminal law** &#8734;1043(2)—**General objection held insufficient to authorize revision of trial court's rulings.**

Under Circuit Court Rule 33 (Code 1907, p. 1527), general objection to rulings on admission and exclusion of evidence is insufficient to authorize revision of court's action in rulings.

2. **Criminal law** &#8734;1043(2)—**Formal objection to rulings sufficient to require revision of testimony patently irrelevant.**

If testimony offered was manifestly irrelevant, formal objection would be sufficient to authorize revision.

3. **Criminal law** &#8734;757(6), 811(5)—**Refusal of charge singling out part of testimony held proper.**

If prosecutrix had been impeached, it was jury's duty to weigh evidence given by her in light of that fact, and, if they concluded it was untrue, they could disregard it; but it was not error to refuse requested charge that, if they believed testimony of named witnesses, they would wholly disregard all testimony of prosecutrix, as court could not so charge as matter of law, and, moreover, it singled out part of testimony.

4. **Criminal law** &#8734;757(6)—**Charges held invasive of province of jury.**

Instructions that, if jury believed testimony, prosecutrix's character for truth and veracity was bad and to consider such fact in weighing credibility of her evidence, and that they must believe her worthy of belief before they could convict, were properly refused as invasive of province of jury.

5. **Criminal law** &#8734;757(1), 811(5)—**Charge singling out evidence and invading jury's province properly refused.**

Charge that, if jury believed from testimony that prosecutrix was unworthy of belief, then they must acquit, was properly refused as singling out evidence and invasive of jury's province.

6. **Criminal law** &#8734;829(1)—**Refusal of charge covered by charges given not error.**

It was not error to refuse charges which were fairly and substantially covered by court's oral charge, or given charges.

7. **Criminal law** &#8734;814(3)—**Refusal of abstract charge not error.**

Where there was no testimony showing, or tending to show, consent by prosecutrix, charge, that if jury believed from testimony that prosecutrix consented that defendant have sexual intercourse with her, they must acquit, was abstract and was properly refused.

             On Rehearing.

8. **Criminal law** &#8734;823(1)—**Erroneous charge not cured by correct one.**

An erroneous charge cannot be cured by giving a correct one.

On Hearing After Mandate from Supreme Court.

9. **Criminal law** &#8734;539(1)—**Testimony of witnesses at preliminary trial erroneously received where witnesses present in court.**

It was reversible error to allow testimony of witnesses at preliminary trial to be introduced by state, where witnesses were present in court and had testified.

---

**10. Criminal law ⬤⟾539(1)—Testimony of witnesses on former trial admissible only in case of necessity.**

Testimony of witnesses on former trial is never admissible except in case of necessity, where witness is dead, incapacitated to testify, or his presence cannot be obtained.

**11. Witnesses ⬤⟾414(2)—Testimony at former trial not admissible to corroborate witnesses.**

Testimony of witnesses on former trial is not admissible to corroborate witnesses who testified on trial.

**12. Witnesses ⬤⟾414(2) — Witness not corroborated by proving that he made similar statements prior to time of testifying.**

It is not permissible to corroborate witness by proving that he made similar statements prior to time of his testifying, or that he testified in same manner at previous trial.

Samford, J., dissenting in part.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Leo Bush was convicted of an assault with intent to ravish, and appeals. Reversed and remanded on rehearing.

Certiorari granted by Supreme Court in Ex parte State, 100 South. 312.

Certiorari denied by Supreme Court in Ex parte State, 100 South. 314.

The following requested instructions were refused to defendant:

"(2) The court charges the jury that if they believe that the witness Alma McNeal has willfully sworn falsely as to any material fact in the case, that they may wholly disregard all of her testimony.

"(3) If the jury believe that Alma McNeal willfully and corruptly swore falsely as to any material fact, then they may disregard all of her testimony.

"(4) The court charges the jury that if they believe the testimony of the witnesses Ball, O. L. Williams, and J. S. Dawsey, that they will wholly disregard all the testimony of the witness Alma McNeal.

"(5) The court charges the jury that if they believe the testimony in this case, the witness Alma McNeal's character is bad, and they must consider this fact in weighing the credibility of the testimony.

"(6) The court charges the jury that if they believe the testimony in this case the character of the witness Alma McNeal for truth and veracity is bad, and they must consider this fact in arriving at their verdict.

"(7) If the jury believe from the testimony that the witness Alma McNeal is unworthy of belief, then they must acquit the defendant.

"(8) The court charges the jury that if they believe the evidence in this case that the character of the witness Alma McNeal is bad and that her character for truth and veracity is bad, and if they believe the testimony, they must consider these facts in weighing the credibility of her evidence.

"(9) The court charges the jury that before they can convict the defendant they must believe from the evidence that the complaining witness, Alma McNeal, is worthy of belief.

"(10) Before you can convict the defendant, you must believe from the testimony that Alma McNeal is worthy of belief, and I charge you, if you believe the evidence, that her character is bad, and that her character for truth and veracity are bad."

"(14) If the jury believe from the testimony that Alma McNeal consented that the defendant at the time and place of the alleged assault could have sexual intercourse with her at that time, then they must acquit the defendant.

"(15) If the jury believe from the testimony that Alma McNeal willfully and corruptly on this trial swore falsely as to any material fact, then they may reject her testimony altogether."

These requested charges were given at defendant's request:

"(6) If the jury are reasonably satisfied from the evidence that Alma McNeal willfully and falsely swore as to any material fact in the case, then the jury are authorized to disregard her testimony entirely.

"(7) The court charges the jury that if they are reasonably satisfied from the evidence that Alma McNeal willfully and falsely swore as to any material fact in the case, then the jury are authorized to disregard her testimony entirely, and, if they do disregard her testimony entirely, they should acquit the defendant."

Lee & Tompkins and E. H. Hill, all of Dothan, and James J. Mayfield, of Montgomery, for appellant.

It was error to allow the testimony given on preliminary trial by the witnesses Mason and Strickland to be introduced in evidence. Smith v. State, 142 Ala. 14, 39 South. 329; James v. State, 115 Ala. 83, 22 South. 565; Green v. State, 96 Ala. 29, 11 South. 478; McKelton v. State, 86 Ala. 594, 6 South. 301; Kirkland v. State, 141 Ala. 45, 37 South. 352; Nichols v. Stewart, 20 Ala. 358; Sonneborn v. Bernstein, 49 Ala. 168; Grasselli Chem. Co. v. Davis, 166 Ala. 477, 52 South. 35; Jones on Evi. 869; 1 Greenl. Evi. § 469; So. Ry. v. Hubbard, 116 Ala. 387, 22 South. 541. Charges requested by defendant asserted correct propositions of law, and should have been given. A. G. S. v. Frazier, 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; Hale v. State, 122 Ala. 89. 26 South. 236; Harris v. State, 96 Ala. 24, 11 South. 255; Smith v. State, 88 Ala. 73, 7 South. 52; Roberts v. State, 122 Ala. 47, 25 South. 238; McClellan v. State, 117 Ala. 140, 23 South. 653; Childs v. State, 76 Ala. 93. It is not necessary that the jury be reasonably satisfied from the evidence that a witness swore falsely before disregarding his testimony, but only that the jury have a reasonable doubt as to whether the witness so swore. Conner v. State, 10 Ala. App. 209, 65 South. 309; Mills v. State, 1 Ala. App. 76, 55 South. 331.

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harwell G. Davis, Atty. Gen., and O. S. Lewis, of Dothan, for the State.

Misleading instructions should be cured by request for explanatory instruction. Towns v. State, 111 Ala. 5, 20 South. 598. It is not error to give an instruction not predicated on the evidence. Clayton v. Jordan, 209 Ala. 334, 96 South. 263. It is not error to refuse charges not predicated on the evidence. Davis v. State, 188 Ala. 59, 66 South. 67; Edwards v. State, 205 Ala. 160, 87 South. 179. There was no error in permitting the former testimony of witnesses to be introduced by the state, a part thereof having been introduced by the defendant. Kennedy v. State, 85 Ala. 326, 5 South. 300; Gunter v. State, 83 Ala. 96, 3 South. 600; Wills v. State, 74 Ala. 21; Henderson v. State, 70 Ala. 31; Haley v. State, 63 Ala. 83.

BRICKEN, P. J. This appellant, defendant in the court below, was charged by indictment with an assault to ravish Alma McNeal. He was convicted as charged and was duly sentenced to imprisonment in the penitentiary for an indeterminate term of not less than four years or more than five years. From this judgment he appeals.

[1] Numerous exceptions were reserved to the rulings of the court upon the admission and exclusion of evidence introduced or offered in the progress of the trial of this case. In every instance, however, the objection to the testimony and the motion to exclude were of a general character, and as shown by the record, in no instance in this connection were any grounds assigned; not even the usual general objection "because illegal, irrelevant, immaterial and inadmissible." Here, the counsel merely "objected." It follows therefore that none of the rulings of the court upon the testimony are presented in a manner authorizing a revision of the court's action in making any of the rulings. Circuit Court Rule 33, Code 1907, p. 1527, provides:

"When, in the progress of the trial of any cause in a court of original jurisdiction, objection and exception are reserved to the introduction of testimony that is not patently illegal, or irrelevant, such exception will not be considered an error, unless the record shows that the grounds of objection were specified. * * * And the appellate court, in revising such decision, must consider only the grounds of objection which are shown to have been clearly specified."

[2] As provided in above rule, of course, if any of the testimony offered was manifestly, or, as stated in the rule, patently illegal or irrelevant, a formal general objection would suffice. But here, none of the evidence was of this character, as under the theory of a conspiracy as contended by state it was not manifestly illegal or irrelevant, and incapable of being rendered admissible in connection with other evidence. Adams Hardware Co. v. Wimbish, 201 Ala. 547, 78 South. 901, and cases cited. See, also, Washington v. State, 106 Ala. 58, 17 South. 546; Gunter v. State, 111 Ala. 23, 28, 20 South. 632, 56 Am. St. Rep. 17; Bates v. Morris, 101 Ala. 282, 13 South. 138; Carroll v. State, 16 Ala. App. 454, 78 South. 717; Lundy v. State, 17 Ala. App. 454, 85 South. 819; Thomas v. State, 139 Ala. 85, 36 South. 734. In Washington v. State, supra, it was said:

"The court is not bound to cast about for the grounds of the objection. * * * The rule requires that the party appealing must affirmatively show error."

Under the testimony in this case there is no theory upon which the defendant was entitled to the general affirmative charge; therefore the court properly refused to give charge 1 requested by him.

Charges 2, 3, and 15, refused to defendant, state a correct proposition of law, and the appellate courts of this state have many times so declared. But error cannot be predicated here upon the refusal of these charges for the reason that given charges 6 and 7 fully cover these charges. The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge, or in charges given at the request of parties.

[3] Charge 4 was properly refused. It is objectionable in that it singles out a part of the testimony, and is bad in other respects. Even if the witness Alma McNeal had been successfully impeached, the court would have no authority to instruct the jury as a matter of law to wholly disregard all of the testimony of this witness. If said witness had been impeached, it was the duty of the jury to weigh the evidence given by her in the light of that fact, and if after so weighing her testimony, they arrived at the conclusion that it was untrue, the jury in that event would have the right to disregard it. But under no circumstance would the court be authorized to charge the jury as a matter of law that they should wholly disregard the testimony of this witness. Pentecost v. State, 107 Ala. 81, 93, 18 South. 146. The court's oral charge in this connection was clear and explicit.

[4] Under the authority of Worthy v. State, 152 Ala. 49, 44 South. 535, refused charges 5, 6, 8, 9, and 10 are bad as being invasive of the province of the jury. See, also, Marasso v. State, 18 Ala. App. 488, 93 South. 226; Rogers v. State, 16 Ala. App. 58, 75 South. 264.

[5] Charge 7 was properly refused; it singles out a part of the evidence, and is invasive of the province of the jury.

[6] Charge 13 refused to defendant was fairly and substantially covered by the oral charge of the court.

[7] Refused charge 14 is wholly abstract, there being no semblance of testimony showing, or tending to show, consent by prosecuting witness Alma McNeal.

Charge 16 was fairly and substantially covered by the oral charge of the court. and by given charge 7 requested by defendant. See, also. Koch v. State, 115 Ala. 99, 22 South. 471.

The oral charge of the court was an excellent exposition of the law applicable to the facts in this case. It was clear, able, forceful, and fair; and the able counsel representing this defendant reserved no exception to any portion of the charge, nor did they complain of this charge in any manner. We are of the opinion that this defendant has been accorded a fair and impartial trial, and that by no ruling of the court has his substantial rights been injuriously affected.

The record is also free from error. Let the judgment appealed from stand affirmed.

Affirmed.

### On Rehearing.

This case has received a very careful consideration on application for rehearing. Special counsel for the prosecution has also filed a brief in reply to the application for rehearing which has received our careful consideration.

On the rehearing we have reached the conclusion that there was error in the trial court which necessitates a reversal of the judgment of conviction. and consequently of granting a rehearing and of modifying the opinion of this case as follows:

We have reached the conclusion that the giving of charge 1 at the request of the state was error to reverse. That charge reads as follows:

"If the jury are satisfied beyond a reasonable doubt that defendant assaulted Alma McNeal, then the jury cannot acquit him."

The main error in this charge is that it does not base or predicate a conviction upon a "belief of the evidence" by the jury beyond a reasonable doubt. Charges requesting a conviction or acquittal must be based or predicated upon a belief of the evidence, and in criminal cases, in order to convict, the jury must believe beyond a reasonable doubt from the evidence in the case that the defendant is guilty. The belief or satisfaction of the jury to support a conviction in a criminal case must be based or predicated upon the evidence. The jury might be satisfied of the guilt of defendant beyond a reasonable doubt, although the evidence in the case might show the defendant to be innocent, or at least create a reasonable doubt in the minds of the jury as to his guilt. The jurors might have personal knowledge of the guilt of the defendant, or they might be satisfied beyond a reasonable doubt from mere rumors or gossip, yet such satisfaction would not justify a verdict of guilty. The oath of the jury is to well and truly try the issue between the state and the defendant and a true verdict render according to the evidence. They are not authorized to render verdicts of guilty unless the evidence in the case satisfies the jury beyond a reasonable doubt. Consequently, the charge was erroneous and could not be cured by the giving of other charges predicated or conditioned on the verdict upon the belief of the evidence beyond a reasonable doubt.

[8] An erroneous charge cannot be cured by giving a correct one. The jury would be left in doubt as to which charge to follow—the correct or incorrect one. The error in refusing a correct charge may be cured by the giving of other correct charges; but the giving of an erroneous charge cannot be so cured by the giving of court charges. The error of the giving of misleading charges may also be cured by the giving of other charges, but not so as to the error in giving erroneous charges. The repeated rulings of this court have held that it was error to give charges, and not to refuse them, which fail to predicate or base the verdict of guilty or not guilty upon the evidence, in the case. Davis v. State, 188 Ala. 59, 66 South. 67; Edwards v. State, 205 Ala. 160, 87 South. 179.

We decided on the original hearing that charges 2, 3, and 15, refused the defendant, state correct propositions of law, and that the appellate courts of this state had many times so declared; but we held that error could not be predicated upon the refusal of those charges for the reason that the given charges, 6 and 7, fully covered those charges. On further examination of the question of authorities, we have reached the conclusion that the error in refusing these charges was not cured by the giving of charges 6 and 7 or by the oral charge of the court. It will be observed that each of these given charges required the jury to be "reasonably satisfied from the evidence." This, of course, was a higher degree of proof than is required in criminal cases. If the evidence had generated a reasonable doubt in the minds of the jury, it was the duty of the jury to give the defendant the benefit of that doubt; and yet each of these charges required the jury to be reasonably satisfied from the evidence. Consequently, the error was not cured by the giving of charges which required higher degree of proof. If the jury had a reasonable doubt as to whether or not Alma McNeal swore falsely as to any material facts on the trial of the case, then the jury had a right to disregard her testimony. The law did not require them to be reasonably satisfied that she had testified falsely.

In Conners' Case, 10 Ala. App. 209, 65 South. 309, it was decided by this court that a jury was not authorized to find a verdict of guilty on the testimony of a single witness if the jury had a reasonable doubt of the

truth of his statement; and in Mills v. State, 1 Ala. App. 76, 55 South. 331, it was held that if the jury had a reasonable doubt as to the truthfulness of the evidence of the state's witnesses, they could not convict on such evidence, although they might not believe the testimony of defendant's witnesses.

In the case of Barnett v. State, 83 Ala. 40, 3 South. 612, it was said by the Supreme Court of this state that in prosecutions like the one in' question, the jury should be exceedingly cautious ·how they convicted the defendant on the uncorroborated testimony of the prosecutrix, and especially where there was evidence tending to impeach her credibility, giving as a reason for such caution on the part of the jury that it was an accusation easy to make. hard to be proved, and harder still to be defended by the party accused, though ever so innocent.

We have also carefully, examined the oral charge of the court to see if the error in refusing these charges was not corrected by the oral ·charge, and we have reached the conclusion that this error was not corrected. In fact, at page 46 of the transcript we find that the trial court in its oral charge where he sums up the law of the case and instructs the jury says as follows:

"But after weighing and considering all the testimony in the case, if it is your fixed conviction and judgment, giving to the testimony of the state's witnesses and the defendant's witnesses the weight and credit you deem it entitled to, that the' defendant is guilty of neither an assault with intent to ravish or an assault and battery, then in that event the verdict would be not guilty."

It will be observed that in this part of the oral charge the court instructed the jury that they should have a fixed conviction and judgment that the defendant was not guilty in order to return a verdict of not guilty.

It' is true that no objection 'or exception was taken to this part of the oral charge, and, we merely refer to it to show that the error in the refusal of the defendant's charges, which we hold to be correct, was not cured by the oral· charge. A 'higher degree of proof was again required by the court in order to support a verdict of not guilty.

As the case must be reversed and remanded for another trial, it is unnecessary to treat specifically other questions which may not arise and which were insisted upon in. the application for rehearing. We deem it proper to say, however, that the testimony of the witnesses on the preliminary trial should not be introduced in evidence on the next trial by the state if the witnesses are present and testify on the trial. If, however, the defendant had offered a part of that testimony, then, of· course, the state would have a ' right to introduce the whole; but unless the' defendant had offered a part of the testimony in· evidence on the preliminary trial, it would be error to allow the whole of the testimony of these witnesses on the preliminary trial when they were present in court and could testify orally.

It therefore results that the judgment of affirmance in this case must be set aside and one here entered reversing and remanding the cause for another trial.

Reversed and remanded.

SAMFORD, J. (dissenting). I cannot agree with the position taken by BRICKEN, P. J., in his opinion on rehearing in the following particulars:

First. I am of the opinion that charge 1 states a correct proposition of law as based upon the evidence in this case, and that it is not subject to the criticism stated, that it is not based upon a "belief of the evidence." True, the charge as written and presented to the court is not so hypothesized, and, if the charge had been refused by the court, the criticism would have been correct; but such was not the case. The court gave the charge as requested, and thereby not only inferentially, but in express terms, adopted it as ·a part of the court's oral charge, which several times stated and referred to the evidence in the case. Nor does the rule that the. giving of a correct charge does not cure the error of giving an incorrect one apply here. The charge given becomes a 'part of the oral charge, based upon the evidence in the case, and, when so taken and considered, is cured of a defect in phraseology which would have justified the court in refusing. to make it a part of his charge. The charge in Davis' Case, 188 Ala. 59, 66 South. 67, and in Edwards Case, 205 Ala. 160, 87 South. 179, cited in Judge BRICKEN'S opinion, were refused by the court. I have also examined a large number of decisions of this· court and the Supreme Court, and in each instance, where a charge was held bad on account of omission to predicate the rule asked upon the evidence, the charges were refused, and therefore never became a part of the court's oral charge, nor did they have the benefit of the announcement by the court, as was the case here:

"The written charges given you are not in conflict' with the court's oral charge and are to be considered by you along with and as a part of the court's oral charge."

Second. I am still of the opinion that given charges 6 and 7 correctly state the law, and that the defendant had, in those charges, every benefit to which he was entitled. The jury has not the right to reject the testimony of a witness, unless ·the jury is reasonably satisfied from the evidence that such witness has intentionally and corruptly sworn falsely to a material fact in the case. The maxim of the law, "falsum in uno, falsum in omnibus," must be applied with great caution. Grimes v. State, 63 Ala. 166. Every witness is presumed to testify truthfully, until the con-

trary be made to appear from the evidence, and then only when it is so ascertained from a consideration of evidence. Moore v. Jones, 13 Ala. 296. It is the function of the jury to weigh and determine, from the evidence, as to whether a witness has willfully sworn falsely to a material fact, and before they can reject the testimony of a witness, their minds must be reasonably satisfied of that fact. There is a distinction between, "if the jury believe," and, "if the jury are reasonably satisfied," as used in the charges under consideration. "Belief" imparts a higher degree of proof that "reasonable satisfaction." Therefore when the court gave, at the request of defendant, in writing charges 6 and 7, the ruling was favorable to defendant.

Third. I am also of the opinion that the court did not commit reversible error in admitting the testimony of Bob Strickland and James Mason, taken on the preliminary hearing of this case before the justice of the peace, and offered in evidence by the state. These witnesses were examined on cross-examination by defendant's counsel as to what these witnesses testified on the preliminary trial of this case. This was done in the most minute manner, the examining counsel ostensibly reading the questions from the stenographic report of the preliminary trial. In some instances the witnesses admitted, and in some denied, having so testified. Where one party has brought out a part of a conversation or transaction, on the trial of a case, the other party is entitled to the whole and to prove the entire conversation or transaction by the best available evidence. The stenographic report of a witness' testimony, when properly identified and attested, is the best evidence of what transpired on the examination. As was said in Kennedy's Case, 85 Ala. 326–331, 5 South. 300, 301:

"The court did not err in refusing to allow him to be cross-examined as to garbled extracts taken from the writing, with a view of contradicting or impeaching him. The court properly required that the entire writing should be shown, or read to the witness, and go to the jury." Wills v. State, 74 Ala. 21; Gunter v. State, 83 Ala. 96, 3 South. 600.

The objection being general, if the testimony was relevant for any purpose the objection was properly overruled.

I am of the opinion that this court reached a correct conclusion in affirming the judgment, and the application should be overruled.

On Hearing After Mandate from Supreme Court.

PER CURIAM. [9, 10] The application for certiorari having been granted in this case, and the decision of this court being reversed and the cause remanded for further consideration, this court, of course, will only consider the questions not heretofore decided by the court. It was suggested by this court in its former opinion that it was error to introduce in evidence the testimony of two witnesses, James Mason and Bob Strickland, given on the preliminary trial of this case. We declined to decide this question, for the reason that it might not arise on another trial; the case being reversed on other grounds. But it now becomes necessary to decide this question before the cause can be finally affirmed or reversed. It is our opinion that it was reversible error for the trial court to allow this testimony introduced in evidence by the state. So far as the record shows, it was introduced as independent proof, notwithstanding both of the witnesses were then present in court and had testified. The law is well settled that testimony of witnesses on a former trial is never admissible except in case of necessity, where the witness is dead, incapacitated to testify, or his presence cannot be obtained. Kirkland v. State, 141 Ala. 45, 37 South. 352; Pate v. State, 158 Ala. 1, 48 South. 388.

[11, 12] It is equally well settled that such testimony is not admissible to corroborate witnesses who testified on the trial. It is never permissible to corroborate witness by proving that he made similar statements prior to the time of his testifying, or that he testified in the same manner on a previous trial. See Long v. Whit, 197 Ala. 271, 72 South. 529; Jones v. State, 107 Ala. 96, 18 South. 237; McKelton v. State, 86 Ala. 594, 6 South. 301; Nichols v. Stewart, 20 Ala. 358. These cases either overruled or distinguished the cases holding to the contrary, and this case does not fall within the exception or the cases so distinguished. If the defendant had offered any part of the testimony of these witnesses on the former trial in evidence, or if he had offered independent proof as to what they testified on the former trial, then the state could have introduced this testimony, not as independent proof of the testimony of these two witnesses, nor in corroboration of what they testified on this trial, but it could have introduced the testimony for the purpose of having the jury to ascertain whether or not the witnesses had testified differently on the two trials; but the testimony would have had to be limited for this purpose and could not have been introduced generally, as it was. As we have shown above, no one of the conditions authorizing it to be introduced in evidence at all existed.

It therefore results that the judgment must be reversed, and the cause remanded.

Reversed and remanded.

SAMFORD, J., dissents.