NICHOLS *vs.* STEWART.

1. Proof of declarations, verbal or written, made by a witness out of court, is, as a general rule, inadmissible *in corroboration* of testimony given by him on the trial of a cause.

ERROR to the Circuit Court of Perry.
Tried before the Hon. John D. Phelan.

This case was brought into the Circuit Court, by a *certiorari* to the judgment of a justice of the peace. On the trial in the Circuit Court, one Wallis was examined as a witness for the plaintiff, who swore that before the suit was brought before the justice, he was present at a conversation between the parties, in which the plaintiff called on the defendant to pay him an account for beef; that the defendant replied that he did not have the money, but would pay him as soon as he could get it. On cross-examination, this witness was asked, whether, when sworn in the case before the justice of the peace, he had not stated in answer to a question, as to the money, which the plaintiff called on the defendant to pay in such conversation, being for beef, that he did not recollect that it was mentioned what it was for. In reply to this question, the witness stated that he did not so answer and testify before the justice, but had always said it was on account of beef. The evidence of this witness, as to his testimony before the justice, was contradicted by several witnesses examined by the defendant. The plaintiff then, for the purpose of sustaining the witness Wallis, offered in evidence a letter written by him to the justice, some time before the trial before him, in which he had made a statement in all respects consistent with the evidence given by him in the Circuit Court. To this evidence the defendant objected, and the objection being overruled, excepted to the opinion of the court.

I. W. GARROTT, for plaintiff in error:

The introduction of the letter of Wallis to the magistrate, for the purpose of sustaining his credit after he had been contradicted by several witnesses, was error. It was proved that his testimony on the two trials, as to a material point, was different. The effort is then made to sustain him by this letter, which was not sworn to, the contents of which are consistent with his testimony given on the last trial. This cannot be done. 1 Green. on Ev. 521, § 469; Phil. on Ev. (top page) 212; Stark. on Ev. (marg.) 148; 3 ib. 1758; King v. Parker, 3 Douglass, 242; Gibbs v. Lindsay, 13 Verm. 208; Munson v. Hastings, 12 ib. 350; Robb v. Hackley, 23 Wend. 56; Dudley v. Bolles, 24 ib. 472; Ware v. Ware, 8 Greenl. 83; Roscoe's Cr. Ev. 184, note 2; 2 Russ. on Crimes, 635.

A. B. MOORE, *contra:*

Where there is an attempt made to impeach a witness, on the ground of former contradictory statements, evidence of previous consistant statements may be given to sustain him. 2 Phil. on Ev. (C. & H's Notes,) Part 1, 777–8; 8 Conn. 93; 12 Wend. 78; 6 Har. & J. 93; 4 Binney, 201; 1 Serg. & R. 536; Washington's C. C. R. (Peters,) 203.

The case in 24 Wend., does not decide against the admissibility of such evidence in all cases. There the witness occupied a peculiar relation to the case, which is not the fact with respect to the witness Wallis. He is entirely disconnected from the matter in controversy.

GOLDTHWAITE, J.—The principal question presented in this case arises upon the admission of the letter of the witness Wallis, for the purpose of sustaining his testimony after it had been impeached, by proof that his evidence given on the trial of the same case before the magistrate was inconsistent with the facts stated by him as a witness in the Circuit Court. It is certainly true that admissions of this character, are sometimes received for the purpose of sustaining and corroborating the evidence of a witness who stands before the court in a suspicious attitude; as where he is a near connexion of the party whose interest is advanced by his testimony, if he is shown by unquestionable evidence, to have given the same account of the transaction, before the connexion, according to the ordinary course of things, could have been contemplated; the imputation, in that case, resulting solely from the position occupied by the witness, is entirely removed. So also upon accusations of rape, and perhaps some other crimes, where the mere silence of the witness might operate to cast suspicion on the facts subsequently sworn to, it is proper to prove the statement of the witness, made in consistency with the facts sworn to by him on the trial. In this case the declarations of the witness become acts, and the rule simply allows the suspicion, which might be created by the fact of silence, to be repelled by contrary proof. 1 P. Ev. 307.

The reasons applicable to the cases stated, do not, however, apply to the case under consideration. The witness in this

case stood in no peculiar attitude, to the case, or the parties. It was proved that he had made statements on oath inconsistent with the evidence given by him on the trial of the case in the Circuit Court, and this evidence is sought to be repelled by statements, consistent it is true with the facts there sworn to by him, but which, in the opinion of a majority of the court, could not upon any sound legal principle be received for the purpose of confirming his testimony. Where a witness is impeached for any cause, a collateral question at once arises for the jury to determine; that question is the degree of credit to be given to the testimony of the impeached witness. What is it that casts suspicion on him? The fact established by evidence, that he has given an account of the transaction different from that which he afterwards swears to. Does the fact, that on another occasion he stated the transaction precisely as he swore to it, disprove the inconsistency? One of the statements made must of necessity be incorrect, and the imputation which is based upon the inconsistency must continue, until the basis on which it rests is removed. To allow the inconsistency of the witness, established as a fact by sworn testimony, to be removed by his own declaration, would be a dangerous departure from that rule which requires all evidence to be given under the sanction of an oath.

We have endeavored to test the correctness of the conclusion to which the court has arrived, by the application of principle, on account of the conflict of authority in relation to the point under discussion. Upon authority, however, we arrive at the same conclusion. The first case is the one reported in 1 Mod. 282, Lutterell v. Reynell, in which the evidence of a co-trespasser, or, as insisted by some, an accomplice, the act amounting to a felony, was sustained by proof of his previous consistent statements, for the reason as stated by the court, that hearsay, although not allowable as direct evidence, might be used to show that the witness had been constant to himself, whereby his testimony was corroborated. Hawkins in his Pleas of the Crown, B. 2, ch. 46, § 14, lays down the same principle on the authority of the case from Modern. Chief Baron Gilbert in his Evidence does the same, 1 Gilb. Ev. 890; and the rule founded on that case seems to have obtained in the English Courts, until the case

23

of the King v. Parker, 3 Doug. 242. With that case the rule fell, and since then, the contrary has been received as the established doctrine in the courts of Westminster.

In America, the courts of several of the States still adhere to the doctrine established in the case of Luttcrell v. Reynell. In Pennsylvania it was recognized in the case of Packer v. Gonsalus, 1 S. & R. 536. In Maryland it was adopted in Cooke v. Curtis, 6 H. & J. 93, and appears to have been considered as the law by Justice Washington in Wright v. Deklyne, Wash. C. C. (Peters,) 203. In most, if not all of these cases, it seems to have been regarded as the settled law, based upon the authority of the English cases, which have long since been repudiated by their own courts. The same rule, however, received the deliberate sanction of the Supreme Court of New York, in the case of the People v. Vane, 12 Wend. 68. Where the authorities bearing on, and the reason of the rule were investigated by Savage, Ch. J., who arrives at the conclusion, that although the declarations of the witness are not equal to his testimony under oath, still the fact of his having related the same story which he has sworn, tends to rebut the prejudice raised against him, by having given a contrary or different relation. The case last referred to has, however, been questioned, as sustaining the rule to its full extent, and in the case of Robb v. Hackley, 23 Wend. 50, where the correctness of the rule again came up Mr. Justice Bronson in commenting on the decision in the People v. Vane, says that it " does not necessarily go beyond deciding, that the testimony of an *accomplice* in crime may be corroborated by showing that *when first arrested* he gave the same relation of facts, which he had given on oath upon the trial." In the case last referred to, the same Judge, after a full enumeration of the authorities, adopts the rule in the King v. Parker; and in Dudley v. Bolles, 24 Wend. 465, this decision is re-affirmed. The question may, therefore, be considered as settled in New York. In Vermont, also, the rule adopted by the English Courts has been followed. See Munson v. Hastings, 12 Ver. 346; Gibbs v. Lindsey, 13 Ver. 208. So in Maine, Ware v. Ware, 8 Greenl. 82, and all the commentators on evidence since Gilbert, except McNally, have regarded the rule laid down by Justice Buller, as the correct

one. 1 Ph. Ev. 107, Cow. Ed.; 1 Stark. Ev. 108; 1 Greenl. Ev. § 469. We regard, therefore, the current of authority as sustaining the conclusion to which the court has arrived. It follows that the court below erred, in receiving the evidence objected to.

The decision of the court on this point renders it unnecessary to consider the other questions presented.

The case is reversed, and the cause remanded.