# McKelton *v.* The State.

*Indictment for Burglary.*

1. *Impeaching and sustaining witness.*—A witness having been impeached by proof of contradictory statements made by him on the preliminary examination of the defendant before a committing magistrate, it is not permissible to sustain or corroborate him by proving that, just before his examination as a witness on that occasion, he made statements to the magistrate in substance the same as his testimony on the trial. (*Sonneborn v. Bernstein*, 49 Ala. 168, overruled.)

FROM the Circuit Court of Tuskaloosa.
Tried before the Hon. S. H. SPROTT.

W. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Henry Williams was introduced and examined as a witness for the State. He testified that, shortly before the alleged burglary of the store-house was committed, he stole the key of the store-house, and delivered it to the defendant. He was asked, on cross-examination, if he did not, in his testimony before the committing magistrate

[Blackburn v. The State.]

deny that he gave the key to the defendant. He answered. that he did not. The committing magistrate was then examined for the defense, and testified that the witness Henry Williams, in the trial before him, did, in his testimony, deny that he gave the key to the defendant. The witness—the committing magistrate—was then asked by the prosecution, "If the said Williams did not state to him, just before the preliminary trial, that he did give the key to the defendant, the same as he stated on this trial." The witness replied, "that the said Henry Williams did so state to him, when he was first arrested and brought before him." To this question and answer the defendant objected, his objection was overruled, and he excepted. The witness Williams had been indicted for, and convicted of the same burglary.

We suppose the Circuit Court was influenced in its ruling by the case of *Sonneborn v. Bernstein*, 49 Ala. 168. The principle declared in that case is not supported by the authorities, and must be overruled. There are exceptional cases—a charge of rape is one of them—in which, under certain circumstances, such testimony may be received. The present case does not fall within the exception to the rule, and the Circuit Court erred in receiving the testimony. The correct rule is declared in *Nichols v. Stewart*, 20 Ala. 358; 1 Greenl. Ev. § 469; *Adams v. Thornton*, 82 Ala. 260.

Reversed and remanded.