# Nelson *v.* Warren.

### *Statutory Claim Suit.*

1. *General exception to charges.*—A general exception to the refusal of several charges asked will not avail on error, unless each one of the charges is correct.

2. *Binding effect of contract, as between parties, not evidence of good faith as against creditors.*—The fact that a contract for the sale of property by a debtor is valid and binding as between him and the purchaser, does not tend to show the good faith of the transaction as against a creditor who attacks it for fraud, and seeks to subject the property to the payment of his debt.

3. *Payment of mortgage debt by execution creditor.*—A judgment creditor, having an execution levied on mortgaged property, may pay the mortgage debt, and sell the property for the satisfaction of both debts (Code, § 3017); but he is not bound to do this, and may assail the mortgage on the ground of fraud.

[Nelson v. Warren.]

4. *Charge on part of evidence, and invading province of jury.*—A charge requested on the trial of a statutory claim suit, instructing the jury that they must find for the claimant if they believe his testimony, and that it is their duty to believe his testimony in the absence of evidence or facts showing it to be false, is properly refused; the first clause being limited to a part of the evidence only, and the second clause invading the province of the jury.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

This was a statutory trial of the right of property in and to a small stock of goods, with a quantity of flour, meal, bran, and other commissary supplies, and numerous other articles of personal property, between B. B. Warren, plaintiff in execution against J. B. Randall and C. W. Cary, and E. L. Nelson as claimant. The property in controversy had all belonged to said Randall, and was used by him in connection with a lime-kiln, saw-mill, and other works in which he was engaged; and the plaintiff's execution was there levied on it October 31st, 1888. C. W. Cary was in possession or charge of the property at the time of the levy, and he notified the sheriff that he held it as the agent of Nelson. Nelson was a brother-in-law of Randall, and claimed the property under a mortgage executed to him by said Randall, which was dated October 5th, 1888; and some of it also under a bill of sale, which was dated October 9th, 1888. The mortgage, which conveyed a large tract or quantity of land in addition to the personal property, was given to secure the payment of five promissory notes for $1,200 each, of even date with the mortgage, and maturing one, two, three, four and five years after date, respectively; and these notes were given, according to the testimony of Randall and Nelson, for $5,400 that day loaned to Randall by Nelson, the balance being an antecedent debt. Nelson, whose testimony was admitted by consent, in the form of a written statement, testified: "I did not then know that Randall was indebted to any one but myself, and had never heard of his being indebted to any one at that time;" and further: "In all my business with Randall, so far as any of the above transactions are concerned, I never allowed or reserved to him any benefits or privileges." He testified, also, as to the bill of sale, that he agreed, a few days after the mortgage was executed, to undertake to operate the works for himself, and therefore bought the personal property specified in the bill of sale, allowing Randall a credit on the mortgage debt for $1,234, its estimated value, and took a lease for three years of the lime-kiln, saw-mill, &c., paying Randall $80 per month as rent, which was also entered as a credit monthly on the mort-

gage debt. Randall testified, as a witness for the claimant, "that he owed a good many persons at the time the mortgage was given, and there were several judgments against him which he was not then able to pay, and also several suits pending against him; that he owed Nelson, who was his brother-in-law, and wanted to secure him, and intended to protect him if it took everything he had; that he gave the mortgage to Nelson to keep off Warren and his other creditors until he could pay off Nelson and get in a condition to pay them, and he never intended to pay Warren until then; that it was the understanding, if the mortgage would not hold, he was to execute a paper which would, and he afterwards did execute said lease and bill of sale." There was other evidence in the case bearing on the question of fraud.

The claimant requested the following charges in writing, and excepted to their refusal: (1.) "All the written trans-actions between Randall and Nelson introduced in evidence are binding in law between them, and the jury may look to this as tending to show the good faith or not of the transaction." (2.) "Under the evidence in this case, Warren had the right, under his execution, to pay Nelson the amount owing on the debt secured by the mortgage from Randall and wife to Nelson, and then sell all the property embraced in said mortgage." (3.) "If the jury believe the testimony of E. L. Nelson, as set forth in the showing, then their verdict will be for the claimant; and it is the duty of the jury to believe the testimony of said Nelson, in the absence of evidence or facts tending to show his testimony to be false."

The refusal of the charges asked is assigned as error.

TOMPKINS & TROY, W. R. OLIVER, and W. S. CARY, for the appellant, cited *Stix v. Keith*, 85 Ala. 465; *Crutcher v. M. & E. Railroad Co.*, 38 Ala. 584; *Davidson v. State*, 63 Ala. 432; 76 Ala. 103, 120; Code, § 3017.

STONE, C. J.—The present suit was a trial of the right of property, B. B. Warren, being plaintiff in execution, and E. L. Nelson claimant. The question litigated was the *bona fides* of certain conveyances from Randall, the defendant in execution, to Nelson, the claimant. These conveyances were assailed as fraudulent, and the testimony has reference to that issue. Three instructions were requested by the claimant, and they were all refused by the court. The language of the record, which brings this question before us, is as follows: "The claimant asked, among others, the following charges in writing, which the court refused to give, and the claimant ex-

[Nelson v. Warren.]

cepted to the refusal of the court to give said charges asked by him in writing." Under all our rulings, this is a single exception to a batch of charges, and will not avail as a ground of reversal, unless all the charges are faultless.—3 Brick. Dig. p. 80, §§ 34, 41.

Neither of the charges asked should have been given. The fact that a contract is binding between the parties making it, does not tend to show the good faith of the transaction, as against a creditor of the seller, who seeks to subject the property to the debt of such seller. It is certainly true that Warren could have paid off Nelson's demand, and, having done so, could have sold the property embraced in the mortgage, and from the proceeds repaid himself the amount expended in satisfying the mortgage, and could, also, have satisfied the execution claim.—Code of 1886, § 3017. He was not bound to do so. He had the option to assail the conveyance as fraudulent, and he elected to do so. The charge was foreign to any inquiry the jury was authorized to make, could only tend to confuse them, and the trial court rightfully refused it.

Charge three is doubly faulty. Its first clause seeks to confine the jury's investigation to a part of the testimony, and the last clause is a palpable invasion of the province of the jury. The law has fixed no such artificial standard for measuring the credibility of oral testimony. The mental processes by which we believe, or refuse to believe what is related before us, are not reducible to rules, nor are they susceptible of exact definition. When a juror honestly weighs testimony, gives free scope to his reasoning faculties, and announces his convictions without partiality or prejudice, he shows himself worthy of the trust confided to him, and vindicates this boasted bulwark of constitutional liberty.—*Stix v. Keith*, 85 Ala. 465 ; *McKelton v. State*, 86 Ala. 594.

We find the refusal of the trial court to grant a new trial embodied in the bill of exceptions, and assigned as error. The ruling on that motion is not revisable in this court, and has no proper place in the bill of exceptions.—3 Brick. Dig., p. 676, §§ 2, 3.

Affirmed.