# Jones v. The State.

*Indictment for Grand Larceny.*

1. *Witness cannot fortify his testimony by evidence of his previous unsworn statements in harmony therewith.*—When the credibility of a witness is assailed because on a former occasion he had stated facts differently from his testimony on the trial, the general rule is, it is not

permissible to fortify his statements under oath by evidence that on other occasions his statements were in harmony therewith.

2. *Same; case at bar.*—Where the State's witnesses testified that at a former term of the court they were convicted as participants in the offense of which the defendant is charged, and that they then disclosed to the presiding judge defendant's connection therewith, and such disclosure was contradicted by the trial judge, evidence that such witnesses made statements out of court to the solicitor, who bore the title of "Judge," and who resembled the trial judge in personal appearance, was inadmissible to corroborate or fortify their testimony.

3. *Charge of court as to reasonable doubt.*—On a trial for larceny, a charge requested by the defendant that, "if you have a reasonable doubt, either as to the ownership of the steer, or as to whether the defendant helped in this offense, or as to whether the defendant was at home when the steer was killed, then you should acquit the defendant," is proper and its refusal is error.

4. *Mere silence after knowledge of offense is not participation therein.* A charge to the jury, "As to Arnott Mills' wife and boy, they, too, were accomplices in this offense, if they knew the steer was being stolen, and kept and concealed the offense till the parties were otherwise detected," referring to two of the State's witnesses, was properly refused to the defendant.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. THOMAS R. ROULHAC.

The appellant was indicted with one Arnott Mills and Harry Moore for the larceny of a steer, and was tried separately, (his co-defendants having pleaded guilty), and was convicted and sentenced to the penitentiary for two years and three months.

Upon the trial, the State introduced evidence tending to show that the defendant was guilty as charged in the indictment. Among the other witnesses introduced in behalf of the State, were the wife and son of Arnott Mills, who testified that on the night the steer was stolen the defendant brought to the house of Arnott Mills fresh beef, which was concealed in the kitchen, and was eaten by themselves and the defendant; but that they said nothing about it until after the defendant was arrested.

The defendant undertook to prove by his evidence an *alibi*. The ruling of the court upon the evidence is sufficiently shown in the opinion. Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and sep-

[Jones v. The State.]

arately excepted to the court's refusal to give each of them as asked : (1.) "If you have a reasonable doubt, either as to the ownership of the steer, or as to whether the defendant helped in this offense, or as to whether the defendant was at home when the steer was killed, then you should acquit the defendant." (2.) "As to Arnott Mills' wife and boy, they, too, were accomplices in this offense, if they knew the steer was being stolen, and kept and concealed the offense till the parties were otherwise detected."

BRICKELL, C. J.—The witnesses for the State, Arnett Miles and Harry Moore, on their examination in chief, testified affirmatively, that at a former term of the circuit court when they pleaded guilty and were convicted of the larceny, they disclosed the participation of the defendant in its commission. The disclosure, they stated, was made in open court to the presiding judge while on the bench. The evidence of the judge then presiding, was in direct contradiction of the statement; he denied that they made any such statement to him, or in any way implicated the defendant in the commission of the offense, until a subsequent period a year or more thereafter. Against the objection of the defendant, the State was permitted to show that at the former term, in the jury room, near the court room, the witnesses did have a conversation with the solicitor, who bore the title of judge, and in some particulars, in personal appearance, resembled the presiding judge. What was the subject of the conversation, whether it related to the offense, to the connection of the witnesses or of the defendant with it, was not shown.

The admission of this evidence was manifestly erroneous. If that which was left to mere conjecture or speculation had been shown, that the subject of the conversation was the commission of the offense, and the connection of the defendant with it, and that the witnesses made to the solicitor, the identical disclosure they testified they had made in open court, to the presiding judge, the evidence would not have been admissable. When, as frequently occurs, the credibility of a witness is assailed because on some former occasion, or at some former time, he had stated facts differently from his statement on the trial under oath,

the general rule, as now accepted is, that his statements under oath, it is not permissible to support or fortify by evidence that on other occasions, or at other times, his statements were in harmony with them. —1 Green. Ev., § 469; 1 Whart. Ev., § 570; *Nichols v. Stewart*, 20 Ala. 358, There are exceptional cases, as pointed out in *Nichols v. Stewart*, in which such evidence may be admissible, but within none of these exceptions can this case be brought. In *Robb v. Hackley*, 23 Wend. 52, it was forcibly said by Bronson J.: "But as a general, and almost universal rule, evidence of what the witness has said out of court, can not be received to fortify his testimony. It violates the first principle in the law of evidence to allow a party to be affected, either in his person or his property, by the declarations of a witness made without oath. And besides, it can be no confirmation of what the witness has said on oath, to show that he has made similar declarations when under no such solemn obligation to speak the truth. It is no answer to say, that such evidence will not be likely to gain credit, and consequently will do no harm. Evidence should never be given the jury which they are not at liberty to believe." Whatever may have been the subject of the conversation with the solicitor, it was not admissible to corroborate or fortify the evidence given by the witnesses on the trial. If the purpose was only to show that the witnesses were mistaken as to the identity of the person to whom the disclosure was made, and thus break the force of the evidence of the judge in contradiction of them, it would seem to be enough to say that the time, place and circumstances of the conversation with the solicitor, were essentially different and distinguishable from the time, the place, and the circumstances under which they stated the disclosure was made to the judge. The mere fact of the conversation with the solicitor was wholly irrelevant, it had no tendency to support any hypothesis involved in the issue of the guilt or innocence of the defendant. And, unless it related to the disclosure stated to have been made to the judge, it could have no tendency to fortify the credibility of the witnesses. If it related to that disclosure, it was at last but conduct out of court, and statements not under oath, by which the defendant is not to be affected.

The first charge requested ought to have been given.

It is but an affirmation of the well settled principle, that if upon the evidence, the jury have a reasonable doubt of the existence of the material facts, essential to the guilt of the accused, a verdict of acquittal should follow.

The second charge requested was properly refused. The facts stated may be true, but they do not connect the witnesses referred to, with the commission of the offense, nor impute to them any act which would convert them into accessories after the fact. Their mere silence in reference to the commission of the offense, can not be regarded as fixing upon them participation in it.

For the errors pointed out, the judgment must be reversed and the cause remanded; the defendant must remain in custody until discharged by due course of law.