# Long *v.* Whit.

### Assumpsit.

(Decided July 6, 1916. 72 South. 529.)

**Witnesses; Impeachment; Rebuttal.**—Where a witness testified that his testimony in a former case was given a certain way, and the justices of the peace who tried the case then testified that the witness did not so testify, the witness could not show by others that at different times he made statements consistent with his present testimony, and inconsistent with that of the justice of the peace.

APPEAL from Selma City Court.

Heard before Hon. J. W. MABRY.

Assumpsit by Thomas H. Long against Robert Whit. Judgment for defendant and plaintiff appeals. Affirmed.

Transferred from Court of Appeals.

When plaintiff was on the stand he testified that he had a litigation in October, 1909, with Bob Whit about the same crop in

[Long v. Whit.]

the justice court of J. B. Christian, and he was asked if he had not stated there on that occasion on oath that he had never notified Bob Whit that he had raised his rent, and he stated in answer thereto that he did not state on oath that he had not notified Bob Whit that his rent was raised.   Mr. Christian being called stated that the witness had sworn before him that he had not notified Bob Whit of any raise in his rent for that year.   Later on in the trial, and in rebuttal, plaintiff sought to show by other witnesses that he told them that the rent had been raised and how much it had been raised, and that Bob Whit's rent was now $175.   This was offered to be shown by several witnesses, but upon objection was not permitted.

PETTUS, FULLER & LAPSLEY, for appellant.   CRAIG & CRAIG, for appellee.

ANDERSON, C. J.—The plaintiff having testified as to a certain fact and the defendant having shown, for the purpose of impeaching him, that he did not so testify upon the trial before J. B. Christian, the trial court did not err in declining to let the said plaintiff Long prove that at other times he made statements consistent with his testimony in the present trial and inconsistent with that imputed to him upon the trial before Christan.   This character of evidence has been repeatedly condemned by the decisions of this court.—*Nichols v. Stewart,* 20 Ala. 358; *Jones v. State,* 107 Ala. 96, 18 South. 237; *McKelton v. State,* 86 Ala. 594, 6 South. 301; *Adams v. Thornton,* 82 Ala. 260, 3 South. 20. The case of *Sonreborn v. Bernstein,* 49 Ala. 168, is not in line with these cases and was expressly overruled in the *McKelton Case, supra.*   There are exceptional cases; a charge of rape is in one of them, in which, under certain circumstances, such testimony may be received.—*McKelton's Case, supra.*   The case of *Brooks v. State,* 185 Ala. 1, 64 South. 295, falls within the exception authorizing such testimony as that case involved the charge of an assault to ravish.

The judgment of the city court is affirmed.
Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.