144 So. 114

## MURPHY v. STATE.

### 3 Div. 707.

Court of Appeals of Alabama.
June 30, 1932.

Rehearing Denied Nov. 1, 1932.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

Powell & Hamilton, of Greenville, for appellant.

SAMFORD, J.

The homicide was the result of a mutual rencounter at a sawmill in Butler county. The deceased was an uncle of defendant, seventy-five years of age and feeble. The defendant was fifty-five and had been recently sick, and had not entirely recovered. The evidence for the state tended to prove a case of murder, and that for the defense that the killing was done in self-defense.

The witness Jimmie Chance was allowed to testify over objection and exception that: "Deceased was a feeble old man struggling like he was trying to get his knife open." This witness had already testified as to the beginning of the difficulty, the words that were spoken and what was done by each party, and that John Murphy, the deceased, was advancing towards defendant after having gotten his knife from his pocket. The testimony objected to was but a shorthand statement of facts, and the ruling of the court was free from error.

On the cross-examination of the defendant by the solicitor, he testified that he put the pistol in his pocket for protection against some wild men down there; that he was not carrying the gun down there to shoot his uncle.

On redirect examination, the defendant's counsel sought to prove by him that: "This

man got into some trouble with a man down there about some trouble about a road and he came here and got permission from Mr. Rogers, the solicitor, at that time, and he gave him permission to carry a pistol." This testimony was all irrelevant, and the court so ruled. The solicitor has no authority to grant permission to a person to carry a concealed pistol.

When the witness Palmore was on the stand and being cross-examined as a witness, a statement purporting to have been typed by Mr. Claude Hamilton, Jr., one of the counsel for defendant, as dictated by a man named Williamson, was read over to him, and he was asked if the statement was not prepared in the office of Powell & Hamilton, by Mr. Hamilton, Jr., at a time and place named, in the presence of himself and others, naming them, and Williamson said it was a true statement, and witness also said it was correct. The state objected to this question, and the court sustained the objection, and the defendant excepted. The statement read to the witness as a part of the question purported to be a full statement of the entire difficulty in all of its details. The witness had been examined both by the state and the defendant at great length and in minute detail as to the whole difficulty and everything connected therewith, many of the statements coinciding with the details in the prepared statement of Williamson, but parts of the statements were materially different. The purpose of a predicate is to prove a different statement made by the witness at another time and place. If a witness swears to anything in court, and it can be shown that at another time and place he made a different statement, such evidence goes to his credibility as a witness. The statement of the details of the difficulty contained in the statement written by Mr. Hamilton, Jr., and the details as testified to by the witness were materially different. The court erred in sustaining the state's objection to this question. A. G. S. R. R. Co. v. Clarke, 145 Ala. 459, 39 So. 816.

But the above error was rendered harmless by act of court in permitting defendant's counsel to lay predicates for the impeachment of this witness, covering all of the material statements in the typed statement. In fact, we are at a loss to understand the ruling of the court on this particular question. The court sustained the state's objection to the predicate question, when the whole statement written out by Hamilton, Jr., was read into it, and then proceeded to permit the laying of predicates covering every material statement contained in the typed statement. We therefore conclude that the defendant could not be injured by the ruling.

After the witness Jimmie Chance had been examined at length, both on direct and cross-examination, he stated to the court that he had not been sworn; thereupon the court proceeded to swear the witness, the defendant objected to this, and the court overruled the objection and the defendant excepted. There was no error in this ruling. If the witness had not been sworn as a witness, it was the duty of the court to administer the proper oath. Code 1923, § 7654. The court then said to the witness: "You solemnly affirm that the testimony that you have given is the truth, nothing but the truth, so help you God." The witness answered, "Yes Sir." There was no objection made to this question, and no exception reserved either to the question or answer.

The solicitor then took the witness and asked: "You solemnly affirm that you have stated the truth." There was objection to this question, objection overruled, and exception reserved.

The defendant, at the end of the testimony for the state, made this motion: "The defendant, through his Attorney, then made a motion to exclude the testimony of the witness Jimmie Chance, given by him before he was sworn by the Court, on the ground that it was not competent and was illegal. The greater part of the testimony of this witness was given before he was sworn by the Court. The Court overruled the motion, and to this action of the Court, the defendant duly and legally excepted."

The above motion presents the question squarely to this court as to the rulings of the trial court in refusing to exclude the testimony of the witness Chance.

The taking of some kind of an oath has always been prerequiste to the consideration of any testimony offered in a court of justice. That rule is recognized in this state by Code 1923, § 7654, which provides: "All testimony, except as otherwise directed, must be given in open court on the oath or affirmation of the witness." "The casuistical position that an oath does not increase the obligation to speak the truth is not a maxim of the common law." Jones on Ev. par. 2089. The oft-repeated expression: "I was talking then, but swearing now," is familiar to all lawyers, and has been frequently alluded to in the law books and in literature, since as a result of teaching such a philosophy Socrates was caused to drink the hemlock for having taught such a doctrine to the youth of Athens. For the reason that such a doctrine has always more or less permeated the human mind, a man of the most exalted virtue, though judges and jurors might place the utmost confidence in his declarations, cannot be heard in a court of justice without an oath. Atwood v. Welton, 7 Conn. 66. From time immemorial it has been a part of the law, and so recognized by all courts, that a witness must be sworn (or affirmed) before he is competent to testify, and wherever it appears that a witness is not so sworn (or affirmed), and the party against whom the

witness is offered makes timely objections, such testimony must be excluded. It is also held that, if the information of a failure to administer such oath comes to a defendant in a criminal case after verdict, he may take advantage of such omission by motion for a new trial. Langford v. U. S., 4 Ind. T. 567, 76 S. W. 111, 4 Ann. Cas. 1021. In Jones on Ev. vol. 5, par. 2089, is found this language: "If an oath is not taken or affirmation made until part of the testimony is given, only that part of the evidence which follows the oath or affirmation is competent." This text is sustained inferentially by the case of Com. v. Keck, 148 Pa. 639, 24 A. 161.

In the instant case the testimony given by the witness Chance, without oath, was reaffirmed by him after the oath had been administered in response to a question by the court, which was not objected to by defendant and no motion made to exclude the answer. The objection made to a similar question propounded the witness came too late. The motion to exclude the testimony of the witness Chance was properly overruled. After the reaffirmance of the testimony already given, the whole had the effect of becoming the testimony of the witness given under oath and subjecting him to a prosecution for perjury in case any material part of such testimony should be found to be willfully and corruptly false.

■ The facts in this case do not present the same question as appears in Storey v. State, 71 Ala. 329. There is no such attack shown here by the deceased as to be "manifestly felonious in its purpose and forcible in its nature" in such degree as to avoid the duty to retreat. Refused charges 21, 23, 27, and 30, were inapplicable in this case, and were properly refused. Madison v. State, 196 Ala. 590, 71 So. 706.

■ The defendant was not entitled to the general charge as to who provoked the difficulty. That question was for the jury; hence charge 8 was properly refused.

Even if there was no conflict as to threats testified to by Smith, Black, and Seale, the refusal of the court to give charges that they had so testified was not reversible error. If they had so testified and it was not disputed, the jury had that fact.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.