THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY LOUISE, Appellant.

Fourth Department, November 9, 1934.

*Eugene F. Sullivan* [*Maurice B. Conley* of counsel], for the appellant.

*Harry M. Stacy, District Attorney* [*Clarence J. Gorman, Assistant District Attorney,* of counse ], for the respondent.

PER CURIAM. The evidence adduced by the district attorney from the People's witness Dyer that the defendant was silent when Reynolds, an alleged accomplice, accused the defendant in the latter's presence of the crime charged, was improper. The rule announced in *Kelley* v. *People* (55 N. Y. 565), under which this proof might formerly have been admissible, has been expressly

overruled by recent decisions (*People* v. *Pignataro*, 263 N. Y. 229, 236; *People* v. *Rutigliano*, 261 id. 103; *People* v. *Dolce*, Id. 108). " The principle as now established in this State is to the effect that a person in custody accused of a crime is under no duty to speak and that his silence should not be counted as giving assent." (*People* v. *Pignataro*, *supra*.) We find further error in the fact that the district attorney proved by the People's witness Reynolds, an accomplice, that he had pleaded guilty to the robbery in which defendant is alleged to have been involved. (*People* v. *O'Regan*, 221 App. Div. 331.) These errors were prejudicial to the defendant's substantial rights. In the interest of justice to this defendant the judgment of conviction should be reversed and a new trial granted.

All concur, except THOMPSON, J., who dissents and votes for affirmance in an opinion. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

THOMPSON, J. (dissenting). The record presents abundant proof of the burglary of the school building and the stealing of the typewriters of which defendant stands convicted. A codefendant testified that defendant participated in the commission of the specific acts essential to both crimes. Three disinterested witnesses testified that on a certain occasion defendant said that if his codefendant " squawked " and he (defendant) had to go up, his friends would get him (codefendant), but that if he (defendant) got off, he would get him. Another disinterested witness testified that on an occasion at the home of appellant's codefendant, defendant said that he knew other jobs that there was more money in than typewriters, and still another such a witness testified that the two defendants mentioned, and a third, also indicted with them, were together at a time and place which the jury might well have found to be near to the time and place of the commission of the offense.

The errors now complained of by the defendant were not raised by either objection or exception. We are aware that the rule permits us to disregard the absence of an exception in cases where manifest injustice has been done. On the other hand, we must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. (Code Crim. Proc. § 542.) Unless it can be seen that the accused's substantial rights have been affected by the error, the power conferred by sections 528 and 541 of the Code of Criminal Procedure is not to be exercised. (*People* v. *Constantino*, 153 N. Y. 24, 35.) In my view, the verdict against defendant was not reached by error (*People* v. *Hoch*, 150 N. Y. 291), nor were defendant's substantial rights prejudiced. In brief, defendant's contentions are confined to:

*First.* Error in the admission of the testimony of his conduct when confronted with his alleged confederate. At the most, this testimony, admitted without objection or exception, was cumulative. If the silence of the accused, who, but an instant before, had protested his innocence, is to be counted a confession, it must be conceded that it is much weaker than defendant's admission of guilt established by the testimony of the three witnesses, above mentioned, before whom he made a threat of harm to his associate in crime, at the hands of his friends, or by his own hands, if he, the codefendant, "squawked." Surely this error, if error it was, affected no substantial right of defendant.

*Second.* The reception of testimony of codefendant Reynolds that he had recently pleaded guilty to the indictment upon which the defendant was being tried. Again, it should be noticed that this testimony was not objected to, nor was an exception noted. Moreover, the defendant's attorney cross-examined the witness in detail in reference to all the circumstances of the offense, including the witness' arrest, examination in the Magistrate's Court, and every particular in the actual breaking into the building and taking therefrom the typewriters. It is difficult to conceive how the witness' testimony, that he had pleaded guilty to the indictment, added anything to the testimony he gave, both on direct and on cross, of his guilty participation in all the acts constituting the offense. On the contrary, it might be argued that it had an adverse effect on his credibility as a witness, it being manifest that it was to his interest to testify to the satisfaction of the plaintiff.

Nothing in the district attorney's summary can be said to have affected the substantial rights of the defendant, nor does objection appear. The objection of the accused's attorney to the district attorney's statement in his summary, that the high school of Fulton had been burglarized several times, and had been a prey for thieves, was put solely on the ground that the statement was not borne out by the evidence. The court admonished the jury to disregard it; whereat, the district attorney called the attention of the court to the testimony of the janitor that the school had been burglarized several times; the court then said, "The jury will take their own recollection of the evidence." The attorney for the accused took no further objection, made no motion upon the subject, and noted no exception. This testimony is in the record, and was received without objection. The district attorney did not claim that the defendant was connected with any of these other burglaries, nor is there any testimony from which such an inference could possibly arise. In the circumstances it may well be that defendant regarded this testimony as being favorable to him,

tending as it did to establish similar offenses by persons other than the defendant, and thus giving rise to an inference that the same persons committed the crime of which defendant was accused. Moreover, in the light of the uncontradicted testimony of the People, it is clear that this error, if it was error, could not have affected any substantial right of the defendant.

The charge of the court sufficiently instructed the jury as to the law of the case and correctly indicated the manner in which the facts and the various questions arising should be treated by it. There were no exceptions taken to the charge.

Courts of review should be slow to reverse judgments of conviction upon error asserted without support of either objection or exception, or, in such instances, to conclude that substantial rights of a prisoner have been affected. Presumptively the absence of either indicates acquiescence. Failure to object is equivalent to consent to the admission of testimony or to a ruling, and where consent is found it cannot be said that the subject of the consent was error, or that it affected substantial rights. (*People* v. *Sugarman,* 248 N. Y. 255; *People* v. *Guidici,* 100 id. 503.) Not objecting to it, the reception of the testimony, of which appellant is here complaining, was not error, although it may appear to have been subject to objection and to have been detrimental to his defense. Likewise the claim that it affected his substantial rights is not open to him. "Admissions of facts may be allowed, and in many similar particulars consent will render valid what without it would be erroneous." (*People* v. *Guidici, supra,* 508.) Thus an accused, having consented to the reading of the deposition of an absent witness, was held to have thereby waived his right to be confronted by the witness; that the admission of the testimony was not error, and that the accused could not predicate a contention that his substantial rights were affected in any respect upon either its reception or its substance. (*People* v. *Guidici, supra,* 507–509.) It need hardly be said that consent will not confer jurisdiction or authorize a substantial change in fundamental modes of proceeding (*People ex rel. Battista* v. *Christian,* 249 N. Y. 314), there being no such questions here.

The guilt of the accused is established by satisfactory, uncontradictory and corroborated testimony. He had a fair trial and the verdict of the jury, convicting him of the crime charged in the indictment, should not be disturbed.

Judgment of conviction reversed on the facts and a new trial granted.