## FOURTH DEPARTMENT, MARCH, 1936.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CINI, GERALD CRITELLI, JAMES PICORELLI and JOSEPH LODTA, Appellants.— Judgment of conviction affirmed. All concur, except Lewis, J., who dissents and votes for reversal and for granting a new trial, in the following memorandum: In view of the total absence of direct proof that any one of the defendants struck or in any way wounded the decedent I cannot concur in the decision about to be made. A majority of the court apparently recognize the failure of proof in that regard but rest the decision upon implications which, it is claimed, may be drawn from the facts proven, viz.: That although stab wounds were inflicted upon the decedent and others associated with him, none of the defendants were stabbed; that although no knives or weapons were found, the defendants had ample opportunity to dispose of them after the melee and before they were searched. It is my view that circumstantial evidence of this type does not justify such an inference of guilt as to warrant conviction; it does not exclude to a moral certainty every other reasonable hypothesis. (*People* v. *Suffern*, 267 N. Y. 115, 127; *People* v. *Razezicz*, 206 id. 249, 273.) Nor can I agree with the court's conclusion that a trespass occurred in which all defendants participated. It is said such an invasion of a private right arose from a refusal by the defendants to leave the Museum Grill after they had abused their privilege by creating a disturbance and were asked by those in authority to leave. The evidence of an authoritative request to leave is not convincing and I find no proof of a refusal by any defendant to leave the premises. Finally, in view of the very doubtful support which these convictions are afforded by the record, I believe the trial court committed prejudicial error by admitting evidence, in the first instance, that the defendants while under arrest had declined the district attorney's invitation to make statements. (*People* v. *Pignataro*, 263 N. Y. 229, 236; *People* v. *Rutigliano*, 261 id. 103; *People* v. *Dolce*, Id. 108; *People* v. *Louise*, 242 App. Div. 471.) Despite the fact that both the trial justice and the district attorney made diligent efforts to correct the admitted error, a prejudice — unfavorable to the defendants — had been impressed upon the minds of the jury which was not eradicated. (The judgment convicts defendant of manslaughter, second degree.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

In the Matter of the Proceeding, under the Grade Crossing Elimination Act, for the Elimination of the Existing Highway-Railroad Crossing at Grade of the Railroad Operated by LEHIGH VALLEY RAILROAD COMPANY and RUSH-HENRIETTA COUNTY HIGHWAY No. 1283, Etc., in the TOWN OF HENRIETTA, MONROE COUNTY. (Case No. 6018.) — Order affirmed, with costs. (See *Matter of N. Y., Ontario & Western R. R. Co.*, 244 App. Div. 664.) All concur, except Crosby, J., who dissents and votes for reversal on the grounds stated in the dissenting memorandum in the case above cited. (The order denies an application for a rehearing.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.