14 So.2d 256

## KERR v. STATE.

### 7 Div. 622.

Court of Appeals of Alabama.
May 18, 1943.

Rehearing Denied June 15, 1943.

Rains & Rains, of Gadsden, for appellant.

**204**

Thos. S. Lawson, Atty. Gen., and Bowen W. Simmons, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant and two others (Hoke Turner and Isaac Dollahite not on trial) were indicted at the Fall Term, 1940, of the circuit court of Etowah County upon a charge of robbery. This appellant demanded, and was granted, a severance. Upon arraignment this appellant interposed his plea of not guilty. The trial resulted in his conviction and his punishment fixed at ten years imprisonment in the penitentiary. He appealed from said judgment of conviction, and also from the judgment of the court overruling and denying his motion for a new trial.

This is a voluminous record and numerous errors are assigned.

It appears from the bill of exceptions that the evidence introduced upon the trial of the case shows, without any substantial dispute, that Mr. Albert Hester was robbed by Hoke Turner and Isaac Dollahite of the sum of $82.12, at the point of a pistol, in the City of Gadsden, Etowah County, Alabama, in the month of January, 1940.

Hoke Turner and Isaac Dollahite both admitted that they, acting together, robbed Mr. Hester of his money at the time and place testified to by Mr. Hester. They both further testified that they were forced to commit this crime by Andrew Kerr. They both testified that the pistol used in the commission of the robbery was furnished by Kerr; that Kerr instructed them as to how the robbery was to be accomplished and that they were threatened with dire consequences by Kerr if they failed to carry out his instructions as to the robbery, and if they failed to return to him at the point in Gadsden where they left him. They both testified that when they left Kerr, sitting in his automobile, the motor was running and everything was in readiness for their speedy departure from the scene of the events, after the robbery was committed.

Turner and Dollahite both further testified that they did not know Kerr by name and had never seen him before this particular occasion and that he picked them up on a public street, or highway, between Attala and Gadsden, from which point he brought them into said city.

Kerr, the defendant, was not seen at the place of the robbery, or in its vicinity, insofar as the testimony tends to show. His connection with the events was dependent entirely upon the testimony of Turner and Dollahite. The State was forced to rely upon the testimony of Turner and Dollahite in proving that Kerr had anything to do with the perpetration of the crime charged.

Kerr, the defendant, denied any complicity with Turner and Dollahite and he offered testimony tending to show that at the time of the robbery he was at his home and that his automobile was then in the possession of an automobile mechanic for repairs. According to the reasonable tendencies of the defendant's testimony, he could not have been and was not particeps criminis in the commission of the offense with which he was charged.

■ It is a well settled rule of evidence that a party cannot offer previous statements or testimony of his own witness for the purpose of bolstering up, or corroborating, the testimony of such witness. Green v. State, 233 Ala. 349, 171 So. 643; Shamberger v. State, 221 Ala. 538, 130 So. 70; Sexton v. State, 19 Ala.App. 408, 98 So. 705. This rule appears to have been entirely ignored by the trial court during the trial of this defendant.

■ During the examination of the Sheriff and of his deputies, as witnesses for the State, the Solicitor time and again was permitted by the court, over the repeated and insistent objections of the defendant, to elicit from said witnesses statements as to what Turner and Dollahite told them in the absence of, and out of the presence of, Kerr, as to Kerr's connection with the commission of said offense. The entire testimony of these witnesses consisted in the main of statements made to them by Kerr and of things done by Kerr, when Kerr was not present. This was done after both Turner and Dollahite had each testified that Kerr was the instigator of the robbery committed by them.

We perforce must, and do, hold that the trial court committed reversible error in overruling the defendant's objections to all the testimony of this character, obtained from said officers. Said testimony was extremely prejudicial to the defendant and the trial court did not properly instruct the jury not to consider said testimony.

■ It is insisted by the State that all of this testimony was introduced after the defendant had first opened up this line of inquiry, and that furthermore this testimony was rendered innocuous by an explanatory written charge requested by the defendant and given by the trial court. We do not accord to these insistences. The State first began the introduction of testimony tending to show what statements Turner and Dollahite made to the officers tending to connect Kerr with the commission of the offense, when Kerr was not present at the time such statements were made. After repeated objections by the defendant, the trial court finally said to counsel engaged in the trial, that he would limit this testimony to the question of identification and that the rest was out. Much of this testimony did not relate to matters of identification, but the trial court gave no instructions to the jury not to consider that portion of the testimony objected to in these bolstering statements, which did not relate to the identification of the defendant.

The written charge requested by the defendant and given by the court was in regard to testimony of identification alone, and did not pertain to that part of the testimony of the officers as to statements made to them by Turner and Dollahite, out of the presence of the defendant which were not statements of identification.

■ During the trial of the case the State was permitted, over the objection and exception of defendant, to introduce in evidence a certain pistol, claimed by the officers to have been found by them in the automobile of Kerr, long after the commission of said offense. In this connection the witness Dollahite testified that, when he and Hoke Turner were with the officers searching the defendant's automobile at the defendant's home, Hoke Turner found the pistol.

Albert Hester, the party robbed, admittedly, by Turner and Dollahite, testified: "I don't say it was the same pistol, it resembles the same pistol." On his cross-examination he further said: "I wouldn't say it is the same gun. There are lots of guns similar to this one." No witness was introduced who definitely identified said pistol as being the one used by Turner and Dollahite in committing the robbery, therefore its introduction in evidence, over the objection and exception of defendant, was of doubtful propriety and should not have been allowed. The defendant denied ownership of said weapon and also denied all knowledge of its presence in his automobile.

■ We do not think, under all the facts and circumstances shown by the testimony introduced upon the trial of this case, that the defendant was legally and properly convicted, or that he was accorded the fair and impartial trial which the law contemplates and provides. We are also of the opinion that error prevailed in the ac-

tion of the court in overruling and denying defendant's motion for a new trial, which, in all respects, was properly presented.

As it would serve no good purpose, we deem it unnecessary to discuss at length the entire testimony adduced upon the trial. For like reasons there appears no necessity to further consider insistences of error here appearing.

From what has been said, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.