105 So.2d 831

**William EVANS**

v.

**STATE.**

**5 Div. 510.**

Court of Appeals of Alabama.

March 4, 1958.

Rehearing Denied June 24, 1958.

Geo. P. Howard, Wetumpka, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of transporting prohibited liquors in quantities of five gallons or more.

On Thanksgiving day in 1955 one Frankie Wright's automobile, in which defendant was a passenger, was stopped and searched by an officer of Elmore County. Ten gallons of whiskey was found in the trunk. Wright and defendant were both indicted for its transportation.

Frankie Wright was the first witness called for the State. He testified he and a white man went to defendant's home in Elmore County for a drink of whiskey, but defendant said he had no whiskey. Witness decided to go to Coosa County for whiskey and defendant went along. At a point beyond Rockford defendant bought

and paid for ten gallons of whiskey, and promised to pay Wright for bringing it back in the car. They were apprehended by the officer in Elmore County. He testified the whiskey belonged to defendant and he had never been paid for hauling it.

State's witness, deputy sheriff Venable, testified on cross examination that at the time of the search, Wright said the whiskey belonged to him and that defendant didn't know it was in the car. On redirect examination the court, over objection, permitted the witness to testify that later, at the jails in Tallassee and Wetumpka, Wright stated to him that the whiskey belonged to defendant.

■ Prior statements of a witness contrary to his sworn testimony at the trial are admissible as affecting his credibility. Murphy v. State, 25 Ala.App. 237, 144 So. 114; Phillips v. State, 248 Ala. 510, 28 So. 2d 542.

But proof of statements made by a witness out of court is inadmissible to corroborate his testimony at the trial. Nichols v. Stewart, 20 Ala. 358; McKelton v. State, 86 Ala. 594, 6 So. 301; Sills v. State, 2 Ala. App. 73, 57 So. 89; Kerr v. State, 31 Ala. App. 203, 14 So.2d 256; Jones v. State, 107 Ala. 93, 18 So. 237; 70 C.J. Witnesses, Section 1369, p. 1183; 98 C.J.S. Witnesses § 648; 1 Underhill's Criminal Evidence (5th Ed.) Section 239, p. 586.

The witness Venable's testimony that on previous occasions Wright had made the same statements as those testified to by him on the trial was manifestly illegal and irrelevant and incapable of being rendered admissible, therefore, the general grounds of objection to the question seeking to elicit such testimony were sufficient. 6 A.Ala. Dig.Crim.Law, ☜695(2).

■ In Scott v. State, 249 Ala. 304, 30 So.2d 689, 690, the court said:

"The rule in Alabama is that, ordinarily, a witness on direct examination may not

testify regarding mental operations, such as opinion, belief, motive, purpose, or intent. Recent and extended treatment of the subject may be found in McGuff v. State, 248 Ala. 259, 27 So.2d 241."

Under this rule the court erred in overruling defendant's objection to the question asked Wright on direct examination: "Q. What was the purpose of your visit to Tobe Evan's house?"

■ The court overruled the defendant's objection to the Solicitor's question to Wright: "Q. At that time what did you tell me you wanted to do, if anything, about your case?" The witness answered: "A. Well, you asked me was I guilty of transporting whiskey and I answered, 'Yes, sir.'"

In People v. Louise, 242 App.Div. 471, 275 N.Y.S. 263, 264, the court said: "We find further error in the fact that the district attorney proved by the people's witness Reynolds, an accomplice, that he had pleaded guilty to the robbery in which defendant is alleged to have been involved." See also People v. O'Regan, 221 App.Div. 331, 223 N.Y.S. 339; Babb v. State, 5 Cir., 218 F. 2d 538; Jackson v. State, 215 Ark. 420, 220 S.W.2d 800; Hammond v. State, 173 Ark. 674, 293 S.W. 714.

We are of opinion the effect of Wright's statement was the same as the showing of a formal plea of guilty, and that the objection was improperly overruled.

For the errors pointed out herein the judgment is reversed and the cause remanded.

Reversed and remanded.

## On Motion for Rehearing.

The Attorney General requests that we extend our opinion to incorporate more of the testimony leading up to the State's question to Frankie Wright: "Q. What was the purpose of your visit to Tobe Evans' House?"

Preceding the question the witness testified that on Thanksgiving morning in 1955 he left home and went to Evans' house. In reply to the above question he stated he went to defendant's house to get a drink of whiskey. Immediately following this answer he said he didn't get a drink of whiskey at Tobe's; that defendant told them he didn't have anything to drink, and witness said, "Well, if you ain't got nothing to drink, I guess we better—I'll go to Coosa County and get me a drink," and he said that "if I was going to Coosa County he would go with me."

The Attorney General also requests that we incorporate in our opinion the preliminary questioning leading up to this question and answer:

"Q. At that time what did you tell me you wanted to do, if anything, about your case? A. Well, you asked me was I guilty of transporting whiskey and I answered, 'Yes, sir.'"

The witness testified on cross examination that it was his understanding that he was to be placed on probation and that he had been promised probation for testifying in the case; that he knew a case had been made against him for transporting whiskey.

On redirect examination the witness stated the first time the Solicitor questioned him about the defendant was after the trial started and shortly before he took the witness stand; that he came to a pre-trial hearing two weeks earlier. Thereupon the Solicitor questioned him as set out above. Following said question and answer the witness stated that he signed a plea of guilty and that there was nothing said at any time about his being placed on probation if he would testify in the case.

On recross examination the witness stated nobody had said anything to him about probation; that he didn't say he was going to be placed on probation. Thereupon the reporter, at defense counsel's request, read the witness' statements on cross examination. The witness stated he did not remem-

ber making such statements, but if he did make such answers he didn't understand the question.

Application for rehearing overruled.

Application overruled.