■ MARY HILDEBRAND, Plaintiff, v. REGINA KAZMIERCZAK, Respondent, and SECTIONAL HOME & GARAGE WORKS, INC., Appellant. SECTIONAL HOME & GARAGE WORKS, INC., Defendant and Third-Party Plaintiff-Appellant, v. VINCENT MICHIENZI, Doing Business as MICHIENZI CONCRETE, Third-Party Defendant-Appellant. — Same decision and like cause of action as in companion case of *Hildebrand* v. *Kazmierczak* (25 A D 2d 603) decided herewith.

■ MARY HILDEBRAND, Plaintiff, v. REGINA KAZMIERCZAK et al., Defendants. SECTIONAL HOME & GARAGE WORKS, INC., Defendant and Third-Party Plaintiff-Appellant, v. VINCENT MICHIENZI, Doing Business as MICHIENZI CONCRETE, Third-Party Defendant-Respondent.— Same decision as in companion case of *Hildebrand* v. *Kazmierczak* (25 A D 2d 603) decided herewith. (Appeal by third-party plaintiff from judgment of Erie Trial Term in favor of third-party defendant for no cause of action.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM J. AUBREY, Appellant.— Judgment unanimously affirmed. Memorandum: It was error for the prosecutor to elicit from the codefendant upon direct examination that he had plead guilty to a count of the indictment upon which appellant was being tried. (*People* v. *Edwards*, 282 N. Y. 413; *People* v. *Louise*, 242 App. Div. 471.) It further should not have been mentioned in the opening statement of the prosecutor. These errors, however, do not mandate reversal as before either had taken place counsel for defendant had requested the court to take judicial notice that the codefendant had "plead guilty prior to this trial." We see no error in the recital by the trooper of his conversation with the complainant at the hospital in the presence of the defendant which in substance constituted proof that complainant on a prior occasion had identified appellant. While generally such proof is inadmissible (*People* v. *Trowbridge*, 305 N. Y. 471, 477) it here "came into the case naturally and incidentally to the showing of the general facts and so was admissible." (*People* v. *Cohen*, 5 N Y 2d 282, 289.) Lastly, we see no need for a further hearing as to the voluntariness of the pretrial written statement made by appellant. The trial herein took place after *Jackson* v. *Denno* (378 U. S. 368) had been decided and prior to the decision in *People* v. *Huntley* (15 N Y 2d 72). The trial court in the absence of the jury took proof as to the voluntariness of the statement and gave appellant an opportunity to call witnesses which was declined. The statement had been taken in the presence of defendant's trial counsel and the latter informed the court that the statement was "voluntary". (Appeal from judgment of Oswego County Court convicting defendant of robbery, first degree; assault, second degree, and grand larceny, first degree.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.