The Grand Jury of Lee County returned an indictment for buying, receiving, concealing, etc., stolen property against the appellant, Arthur Lee Saxton. He entered a plea of not guilty, was convicted, and sentenced to ten (10) years imprisonment, and appeals to this Court.
The appellant was at all proceedings in the trial court represented by court appointed counsel, and is so represented in this Court by the same counsel. This appeal was submitted to this Court on briefs.
The appellant contends in his brief that the issues presented for review to this Court are: 1st. That the trial court committed reversible error in denying the appellant's motion for a mistrial due to unsworn testimony of a witness essential to the state's case; 2nd. That the necessary elements to sustain a conviction of buying, receiving, or concealing stolen property were not proven due to the failure of the state to prove that the appellant did not have the intent to restore the stolen property to its owner.
It appears from the record that state's witness, Andre G. Williams, was called as a witness, and examined by state's counsel, and testified that on July 13, 1979 he stole a Singer Sewing Machine from Auburn City Board of Education, and sold it to the appellant for thirty dollars. That when he sold the machine to the appellant, he told the appellant it was stolen. That he tried to buy the machine back, but appellant would not sell it to him. That all this took place in the City of Auburn, Lee County, Alabama. At the conclusion of the direct *Page 543 
examination of witness Williams by state's counsel, the following occurred:
"MR. WILKES: That's all.
 "MR. WILLIAMS: Your Honor, I'd like to approach the bench at this time.
"THE COURT: Yes, sir.
 "(Whereupon, the following proceedings were had at the bench, in the presence of the jury, but outside the hearing of the jury:)
 "MR. WILLIAMS: We would like to move for a mistrial at this time in that the witness' testimony has not been sworn to.
 "THE COURT: Well, I'll swear him, and we can ask him over again.
 "MR. WILLIAMS: Your Honor, we believe that this testimony has already been tainted by the fact that it hadn't been sworn to, and we don't know if he's told the truth or not.
"MR. WILKES: Well, we can ask him and find out.
 "(Whereupon, the following proceedings were had inside the presence and hearing of the jury:)
 "THE COURT: Raise your right hand. You haven't been sworn, have you?
"THE WITNESS: No.
"(Witness sworn.)
"THE COURT: That motion is denied.
 "MR. WILLIAMS: The defense would like to take exception to that denial, sir.
 "THE COURT: Very well. You have an exception. Ladies and gentlemen of the jury, we have omitted swearing this particular juror, so, he'll have to be questioned again. I mean, this particular witness, not a juror.
 "ANDRE G. WILLIAMS, a witness, after having been first duly sworn to speak the truth, the whole truth, and nothing but the truth, was examined and testified as follows, to-wit:
"DIRECT EXAMINATION"
Whereupon, the witness being again examined by state's counsel, testified to substantially the same facts as stated above.
The appellant made no objection at any time during the first direct examination of the witness, Williams, by state's counsel, until the direct examination was concluded, at which time he moved for a mistrial because the witness was not sworn.
If a witness is allowed to give evidence before the jury without first being lawfully sworn, it is the duty of the judge, as soon as it is called to his attention, to immediately administer a proper oath to the witness. Code of Alabama, 1975, Sec. 12-21-136; Murphy v. State, 25 Ala. App. 237, 144 So. 114. We hold that the trial court did not err to the prejudice of the appellant when it denied his motion for a mistrial, swore the witness, and allowed him to repeat his former testimony.
The appellant's motion to exclude state's evidence and his motion for a new trial properly raise the issue of the weight and sufficiency of the state's evidence to sustain the jury verdict.
State's witness, James P. Douglas, testified, in substance, that on or about July 17, 1979 he was the principal of Auburn High School in the City of Auburn, Lee County, Alabama, when and where a new Singer Sewing Machine of the value of $375.00, the property of Auburn City Board of Education, was stolen. That the stolen sewing machine was returned to him at the Auburn High School on approximately the 22nd day of August, 1979 by the appellant.
State's witness, Andre G. Williams, testified, in substance, that around July 13 or 14 he stole the Singer Sewing Machine from the Home Economics Room at the Auburn City School in Auburn, Lee County, Alabama, and sold it to the appellant for $30.00. That when he sold the machine to the appellant, he told him it was stolen; that a few days later he tried to get the machine back, but the appellant asked $100.00 for it, and would not let him have it back unless he paid the $100.00 to appellant; that all this took place in Auburn, Lee County, Alabama.
State's witness, Henry Charles Askew, testified, in substance, that on or about July 17 or 18, 1979 he met the appellant on Martin Avenue in Auburn, Lee County, Alabama, *Page 544 
and asked him to take him home; that on the way home, while riding in appellant's car, the appellant mentioned something about a sewing machine; that he had about $30.00 in it; that he had bought the machine, and did not want it; that appellant had the machine in his car at the time; that witness and appellant drove by the house of Peggy Ann Payne, and witness tried to sell the machine to Mrs. Payne, but was not successful, so they left, and appellant drove him on home.
State's witness, Peggy Thomas Payne, testified, in substance, that she lived in Auburn; that in the latter part of July, 1979 the appellant and Henry Askew came to her home; that Askew had a box and put it down on the floor and took a Singer Sewing Machine out of it and offered it to her for $100.00; that at about that time Arthur Lee Saxton, the defendant, came in, and asked what was taking so long, and then she asked if the machine was stolen, and Henry and Saxton just stared at each other; that she told Askew and the appellant she had a machine; that she did not buy the machine from them.
The appellant testified, in substance, that he bought the sewing machine from state's witness, Andre Williams, and paid him $30.00 for it. That Williams told him it belonged to his girl friend; that Williams told him it was not stolen. That later on Williams wanted to buy the machine back, and he told him he could have it back for $30.00, but Williams did not have the money. That later on he found out that the machine was stolen and he informed the police he was going to return it to the school; that he returned it to the school, and thought the charges were dropped.
The essential elements of the crime of buying, receiving or concealing stolen goods are: (1.) That the property described in the indictment had been feloniously taken and carried away, as charged in the indictment; (2.) And that the defendant bought, received, concealed, or aided in concealing, the property, knowing at the time it was stolen, or having reasonable grounds for believing at the time that it was stolen; (3.) And at the time he so bought, received, concealed, or aided in concealing the property, knowing that it was stolen, or having reasonable grounds for believing at the time that it was stolen, he did not have the intent to restore the property to the owner. Code of Alabama, 1975, Sec. 13-3-55;Walker v. State, Ala. Cr.App., 355 So.2d 755; Scott v. State,55 Ala. App. 318, 314 So.2d 921; Waters v. State, Ala.Cr.App.,360 So.2d 358; Certiorari Denied, Ala., 360 So.2d 367.
We hold that under the state's evidence in this record the trial court did not err when it refused to grant appellant's motion to exclude state's evidence, or when it denied appellant's motion for a new trial, Code of Alabama, 1975, Sec. 13-3-55; Walker v. State, supra; Waters v. State, supra; Scottv. State, supra. The matter of the intent of the appellant to return the stolen property to its rightful owner was a question to be decided by the jury.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All Judges concur. *Page 545