RANDOLPH, Presiding Justice,
for the Court:
¶ 1. Terence Jones (Jones) appeals the Attala County Chancery Court’s denial of his 2011 petition to disestablish paternity, which relied on Section 93 — 9—10(3)(c) of the Mississippi Code. Because Jones signed a stipulated agreement of paternity that was approved by order of the Attala County Chancery Court in 2000, the chancery court properly denied Jones’s petition as presented. Accordingly, we affirm the chancery court’s judgment denying Jones’s petition for disestablishment of paternity.

FACTS

¶ 2. In 2000, Jones was involved in a nonmarital, romantic relationship with Annette Brown Mallett. Mallett gave birth to a child on August 22, 2000. It is unclear when exactly Jones first learned that he may not have been the child’s father. Mallett claims she informed Jones upon announcing the pregnancy. Jones claims that he did not learn that he might not be the father until shortly after signing the paternity agreement as well as the birth certificate. Specifically, Jones stated that he learned of the possibility a couple of months after the child’s birth.[1]
¶ 3. Regardless, Jones was named the child’s biological father on the birth certificate, and he signed the birth certificate. Subsequently, on October 16, 2000, Jones entered into a “Stipulated Agreement of Support and Admission of Paternity” admitting paternity and agreeing to pay $115 each month in child support. The stipulated agreement of paternity was approved by order of the Attala County Chancery Court in cause number 2000-286. No appeal of that order and cause number has been taken.
¶ 4. In December 2010 (ten years after Jones first learned that he might not be the child’s father), Jones had a DNA test performed, which excluded Jones as the *652 child’s biological father. On March 2, 2011, Jones filed the present separate action to disestablish paternity, as opposed to seeking relief from the final judgment entered in cause number 2000-286 via a Rule 60(b)(5) or (6) motion.[2] Jones filed an amended petition on July 21, 2011. On December 1, 2011, the chancery court entered an agreed order for a DNA test to be performed through the Mississippi Department of Human Services (DHS), which again excluded Jones as the biological father. On December 5, 2011, Jones filed a second amended petition. The chancery court held a hearing on January 19, 2012, and granted Mallett’s oral motion to dismiss Jones’s petition to disestablish paternity, citing Section 93-9-10 of the Mississippi Code.

LAW AND ANALYSIS

¶ 5. Jones does not dispute the underlying facts. The sole issue he presents is the interpretation and application of three subsections of Mississippi Code Section 93-9-10(3). Accordingly, the applicable standard of review is de novo. Tellus Operating Group, LLC v. Texas Petroleum Inv. Co., 105 So.3d 274, 278 (Miss.2012) (“Questions of law, such as statutory interpretation, are subject to a de novo standard of review.”).
¶ 6. Mississippi Code Section 93-9-10(3) provides, in relevant part, as follows:
a court shall not set aside the paternity determination or child support order if the legal father engaged in any of the following conduct:
[[Image here]]
(b)Consented to be named as the biological father on the child’s birth certificate and signed the birth certificate application or executed a simple acknowledgment of paternity and failed to withdraw consent or acknowledgment within the time provided for by law in Sections 93-9-9 and 93-9-28, unless he can prove fraud, duress or material mistake of fact;
(c) Signed a stipulated agreement of paternity that has been approved by order of the court;
(d) Signed a stipulated agreement of support that has been approved by order of the court after having knowledge that he is not the biological father of the child....
Miss.Code Ann. § 93-9-10(3) (Rev.2013). Jones does not dispute that he signed a stipulated agreement of paternity that was approved by the chancery court, which subsection (c) clearly identifies as conduct that precluded the chancery court from setting aside the paternity determination.
¶ 7. Even so, Jones argues that the chancery court erred by failing to disestablish paternity under subsection (b) or (d). Under subsection (b), Jones argues that he “operated under a material mistake of fact promulgated by assertions by Mallett that he was the father of the minor child” and “he had no knowledge that he was entitled to a DNA test prior to executing the paternity acknowledgement [sic].” The facts as presented do not establish sufficient circumstances for the application of subsection (b).
¶ 8. Under subsection (d), Jones argues that “[w]hen subparts (c) and (d) are read together, it is evident that Jones meets the test presented by [Section] 93- *653 9-10 in total.”[3] However, subsection (d) is not a mere reiteration of subsection (c), other than the language regarding the legal father’s knowledge that he is not the biological father. Rather, subsection (c) prevents a chancery court from setting aside a paternity determination when a legal father has signed a stipulated agreement of paternity, while subsection (d) prevents a chancery court from setting aside a paternity determination when a legal father has signed a stipulated agreement of support. Miss.Code Ann. § 93-9-10(3)(c)-(d) (Rev.2013).
¶ 9. We agree with Mallet that it is clear the Legislature intended to draw a distinction between the legal father who stipulates to paternity in subsection (3)(c) versus one who stipulates only to pay child support in subsection (3)(d). A legal father may stipulate to the court to pay child support without a paternity establishment because he is already the legal father by operation of law. Section 93-9-10(3)(d) allows such a legal father an opportunity to disestablish paternity upon negative genetic testing as long as he did not stipulate to support after having knowledge he was not the biological father. In other words, a nonjudicially determined legal father is given greater freedom to disestablish paternity under Section 93-9-10(3) than a father who is adjudicated a parent through a court order.
¶ 10. Thus, based on the language of the statute, subsections (e) and (d) are distinct provisions that apply in different factual scenarios. Jones does not dispute that he signed a stipulated agreement of paternity that was approved by the chancery court-the exact factual scenario addressed by subsection (c). Accordingly, the chancery court did not err by denying Jones’s motion to disestablish paternity.

CONCLUSION

¶ 11. We affirm the judgment of the Attala County Chancery Court.
¶ 12. AFFIRMED.
WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.

. Jones later clarified that "a couple of months” meant somewhere around two, three, or four months after the child was born.

. Rule 60(b)(5) of the Mississippi Rules of Civil Procedure offers relief to a party when "it is no longer equitable that the judgment should have prospective application.” M.R.C.P. 60; See M.A.S. v. Miss. Dep’t of Human Servs., 842 So.2d 527, 531 (Miss.2003).

. Jones concedes that "the lower court is correct that Jones did stipulate to the paternity agreement,” so that “if subpart (c) is considered as an island unto itself, the lower court would be correct.”