# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01376-COA

**DANNY P. HICKS, II**                                                      **APPELLANT**

**v.**

**DEPARTMENT OF HUMAN SERVICES, STATE OF MISSISSIPPI**                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/10/2015 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHESTER RAY JONES |
| ATTORNEY FOR APPELLEE: | MATTHEW GARRETT CLARK |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S PETITION TO DISESTABLISH PATERNITY AND TERMINATE CHILD SUPPORT |
| DISPOSITION: | AFFIRMED: 12/06/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Danny Hicks had sex with Jakeida Carter one time before she gave birth to Janiyah in January 2007. On October 5, 2007, Hicks agreed to be named as Janiyah's legal father on her birth certificate. About one year later, Hicks entered into a stipulated agreement with the Mississippi Department of Human Services in which he admitted paternity and agreed to pay $202 a month in child support. The agreement was later approved by the Hinds County Chancery Court. In 2015, a DNA test revealed that Hicks was not the biological father.

¶2.     Hicks filed a Petition to Disestablish Paternity and Terminate Child Support, asking

the court to terminate any future child-support payments and to reimburse him for the payments made before the DNA test ($1,800). The court held a hearing and later denied Hicks's petition under Mississippi Code Annotated section 93-9-10(3)(c) (Rev. 2013).[1] Hicks appealed. Finding no error, we affirm.

## STANDARD OF REVIEW

¶3. "When reviewing a chancellor's decision, an appellate court will accept the chancellor's findings of fact as long as the evidence in the record reasonably supports those findings." *Brown v. Weatherspoon*, 101 So. 3d 173, 176-77 (¶9) (Miss. Ct. App. 2012) (quoting *Lee v. Lee*, 12 So. 3d 548, 550 (¶9) (Miss. Ct. App. 2009)). "We will [only] disturb the chancellor's findings if the chancellor was manifestly wrong; the chancellor's findings are not supported by substantial, credible evidence; or the chancellor applied an erroneous legal standard." *Id*.

## DISCUSSION

---

[1] This statute provides:

(3) Notwithstanding subsection (2) of this section, a court shall not set aside the paternity determination or child support order if the legal father engaged in any of the following conduct:

. . . .

(c) Signed a stipulated agreement of paternity that has been approved by order of the court[.]

Miss. Code Ann. § 93-9-10(3)(c).

¶4.     In 2011 the Legislature enacted section 93-9-10 of the Mississippi Code Annotated, aptly entitled "Disestablishment of Paternity." It specifically describes and applies to the circumstances of this case. Hicks's reliance on *M.A.S. v. Mississippi Department of Human Services*, 842 So. 2d 527 (Miss. 2003), is misplaced, as that case was decided before section 93-9-10 was enacted.

### 1.     The Stipulated Agreement of Paternity

¶5.     Hicks claims the chancellor erred in refusing to disestablish his paternity. In *Jones v. Mallett*, 125 So. 3d 650, 651 (¶¶5-7) (Miss. 2013), the chancery court similarly relied on section 93-9-10(3)(c) to deny the plaintiff's petition to disestablish paternity. Our supreme court affirmed the chancellor because the plaintiff had signed a stipulated agreement of paternity that was approved by the chancery court over a decade prior to the father's filing for disestablishment. *Id*. at (¶10). Thus, here we find the chancellor did not err by denying Hicks's petition.

### 2.     Carter's Testimony

¶6.     Hicks argues that the court's failure to swear in Carter at the hearing before questioning amounts to reversible error. Hicks did not object at trial, and the failure to offer a contemporaneous objection waived this issue for appeal. *See Harbit v. Harbit*, 3 So. 3d 156, 160 (¶14) (Miss. Ct. App. 2009) (holding that the husband waived the issue of the court's failure to initially swear in the witness because he failed to timely object). Therefore, Hicks's argument is procedurally barred.

3

### 3. Rule 60(b) Motion

¶7. Hicks next claims that he is entitled to relief under Mississippi Rule of Civil Procedure 60(b)(1) because Carter committed fraud by failing to disclose Hicks was not the father.

¶8. Because Hicks never filed a Rule 60(b) motion with the trial court, he is barred from making this argument on appeal. In any event, there is no evidence in the record to support Hicks's claim that Carter acted fraudulently. So Hicks's claim is without merit.

### 4. Best Interest of the Child

¶9. Hicks also argues that disestablishment of paternity would be in the best interest of Janiyah. The testimony at the hearing showed that Hicks has been involved in Janiyah's life since birth. Janiyah even called him "Daddy." Carter testified that Hicks was a good father. And Hicks testified that he was actively involved in her schooling.

¶10. After careful review of the record, we cannot say the chancellor abused her discretion in denying Hicks's petition. Therefore, we affirm.

¶11. **THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.**